### EMERSON v. S. S. KRESGE CO.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1919. Rehearing Denied September 1, 1919.)

No. 5228.

NEGLIGENCE ☞134(3)—ACTION FOR NEGLIGENCE—SUFFICIENCY, OF PROOF.

> Evidence that a candy counter in defendant's store was placed near the head of a stairway, and that a bin thereon was filled so high that some pieces spilled on the stairway, upon one of which plaintiff stepped and was injured, *held* insufficient to establish defendant's negligence; there being no evidence that its employés habitually spilled candy, or that they knew of it in this instance.

> Amidon, District Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by Mrs. Susie McC. Emerson against the S. S. Kresge Company. Judgment for defendant, and plaintiff brings error. Affirmed.

William R. Gentry, of St. Louis, Mo. (Mark D. Eagleton, Oscar Habenicht, M. F. Watts, and Edwin W. Lee, all of St. Louis, Mo., on the brief), for plaintiff in error.

James A. Waechter, of St. Louis, Mo. (John F. Lee, of St. Louis, Mo., on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and AMIDON, District Judge.

STONE, Circuit Judge. Suit for personal injuries caused by slipping on stairway in defendant's store. At the close of all the evidence the court directed a verdict for the defendant, on the ground that there was no evidence of negligence on the part of defendant. The sole question is the sufficiency of the testimony to authorize submission of the case.

Defendant conducts a ten-cent store on two floors, connected by a stairway. No complaint is made of the construction or lighting of this stair. The theory of the petition is that while descending the stair plaintiff slipped, because of a piece of candy (jelly bean) which had fallen on the stairs or near the head thereof.

Plaintiff contends that she introduced substantial evidence of negligence, in two or three particulars, to wit, that a candy bin, whereon jelly beans were piled and from which they might fall upon the floor, was placed near the head of the stairs; that the candy thereon was piled higher than the sides of the bin; that not long before plaintiff passed that way down the stairs an employé had spilled jelly beans on the floor near the stairway while pouring them into the bin.

Having in mind the contentions of plaintiff and the rule that the evidence must, in this character of question, be viewed in the light most favorable to her, the evidence bearing upon the accident and its

cause has been twice carefully and fully read. Thus viewed, it shows that plaintiff slipped while on the stairs near the top, because of a jelly bean upon which she had stepped; that immediately after the accident she noticed part of a mashed jelly bean on her shoe, and three or four other jelly beans on the stairs ahead of her and on the floor; that a counter upon which was a bin containing jelly beans was just at the side of the stair head; that the bin was full of jelly beans, piled higher than the sides of the bin; that not more than a half hour before, and probably somewhat less than that time, an employé had poured a supply of jelly beans into this bin, and had spilled a few on the floor near the stair head. We shall not consider the testimony of defendant in contradiction of the above, but only such as was admitted by or undenied by plaintiff. Such evidence is that the stairway was well constructed, having handrails and corrugated metal treads on the steps, clearly lighted, and swept at half-hour intervals by a porter. It is not negligence to place a candy counter near a stair head. There is no evidence that the candy was habitually piled in the bin on the counter in such a way as to naturally or probably fall over the sides of the bin upon the floor or stairs. There is no evidence that any of defendant's employés knew that any candy had fallen on the floor when it was emptied into the bin a short while before the accident, nor are the circumstances such as to charge defendant with such knowledge.

The judgment is affirmed.

AMIDON, District Judge (dissenting). I am unable to concur in the foregoing opinion. I accept the fair and clear statement of facts therein made. From them I think a case was made for the jury. Defendant owed the plaintiff ordinary care. Whether it performed that duty in permitting the candy stand at the head of the stairs, loaded as it was with candy beans likely to slip therefrom, the danger to customers of the candy falling upon the stairs, the fact that plaintiff's injury seems to have been caused from falling by reason of her stepping upon a candy bean, these facts, in my judgment, made a case for the decision of the jury as to whether defendant performed its duty to plaintiff. It is as much the duty of a merchant to bestow his goods so that they are not likely to cause injury to his patrons as to properly maintain and light his stairs. In this connection I think defendant would be responsible for the negligence of its employés in filling the candy bin so that it would overflow, whether the defendant had notice or not. Filling the bin was within the scope of the employé's duty, so as to make defendant responsible for his negligence.