# COUNTY COMMISSIONERS OF BALTIMORE COUNTY

## vs.

## THOMAS C. HUNTER, Treasurer.

*Sale for Taxes—Effect of Delay—Death of County Treasurer.*

Offutt's Code of Baltimore County, secs. 147-151, providing for levy upon the property of one neglecting to pay taxes, authorizing the treasurer to sell the property so levied on at the expiration of thirty days from notice to such owner, and requiring the collector to enforce the payment of taxes by levy and sale as soon as he is empowered to do so, does not fix any definite time, after the making of the levy, at which the property shall be sold, and a delay in selling does not invalidate the sale. pp. 137-139

Offutt's Code of Baltimore County, sec. 151, providing that, where the treasurer and collector has taken steps to enforce payment of taxes by notice, levy, advertisement, or other proceeding, and his term of office expires before the collection of said taxes or before said proceedings are completed, the newly elected and qualified treasurer and collector is empowered to continue and complete said proceedings, applies in favor of one appointed treasurer and collector in place of one who died before the expiration of his term. p. 141

Acts 1918, c. 82, annexing parts of Baltimore County to Baltimore City, expressly authorizes the treasurer of the county to collect taxes for the year 1918 and previous years. p. 142

*Decided April 19th, 1922.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

Exceptions by the County Commissioners of Baltimore County, as purchaser, to the ratification of certain sales for taxes made by Thomas C. Hunter, Treasurer and Collector of

Taxes. From orders overruling such exceptions, the said purchaser appeals. Affirmed.

The cause was submitted to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, and ADKINS, JJ.

*Edward H. Burke,* for the appellant.

*Charles B. Bosley,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from three orders overruling exceptions to the ratification of three tax sales made by Thomas C. Hunter, "Treasurer of Baltimore County and Collector of State and County Taxes for said county."

The exceptions were to the effect that the sales were void and passed no title to the purchaser, the County Commissioners of Baltimore County, because:

> (1) The tax bills were not made out and placed in the hands of the constable or deputy sheriff, and the levy and sales thereafter were not made within the time limited by the local statute of said county; and
>
> (2) Thomas C. Hunter, who on the 5th day of March, 1921, was appointed to fill out the unexpired term of N. Bosley Merryman, Treasurer, whose death occurred in February, 1921, had no authority to continue and complete the proceedings begun by his predecessor for the collection of said taxes.

The local statute (section 147 of Offutt's Code) provides that the

> "treasurer shall during the month of March succeeding each levy, make out all tax bills, which have not been paid, in duplicate form, and place the same in the hands of the several constables or deputy sheriffs, and each bill so made out shall contain a notice that if the same be not paid on or before the first day of June next after the date of said bill, the property upon which such taxes may be owing will be levied upon and sold to enforce payment thereof; and the bills so made out shall be placed in the hands of the

said constables or deputy sheriffs on or before the first Monday in April after the date thereof, and one copy of each bill shall be delivered to the person or corporation against whom it is made out, or in the event of failure to find such person in the district, shall be left with the agent of such person, or conspicuously posted on the property assessed, within thirty days after the receipt of same."

Section 148 provides that

"if the taxes levied shall not be paid on or before the 1st day of June in the year succeeding that on which they were levied, the treasurer shall, within six months from the said 1st day of June, proceed to enforce payment of the same by a levy upon the real or personal property of the party neglecting to pay; provided, the notice prescribed in the preceding section shall have been given * * *. Whenever any levy may be made, notice thereof * * * shall be delivered to the owner if he be in possession of the property, or be conspicuously posted on the premises, together with notice that if the said bill for taxes, interest and costs be not paid within thirty days, the property levied upon will be sold at public sale, and the said treasurer *is authorized* to expose any property so levied upon at public sale at the expiration of thirty days."

Section 149 provides

"When any real estate shall be sold under the provisions in the preceding section the sale * * * shall be reported to the Circuit Court for Baltimore County, upon which report there shall be a brief order *nisi* as in cases of judicial sales by trustees, and if the court shall find that the provisions of said section shall have been complied with, the sale shall be ratified."

The parcel of land named and described in each of the proceedings appearing in the record was sold under a levy made by N. Bosley Merryman on the 25th day of September. 1919, for state and county taxes for the year 1918.

In the report of sale it is said, in respect to each of the parcels of land mentioned, that N. Bosley Merryman, Treas-

urer of Baltimore County and Collector of state and county taxes for said county, during the month of March, 1918, pursuant and in obedience to the power and authority vested in him by the said public local law, did make out, in the manner and form required by it, a bill for the taxes due on each of said properties, and did place the same in the hands of the constable of the Third Election District of Baltimore County, though said properties were at the time within the limits of Baltimore City, to which they had been added by the Acts of 1918, chapter 82, and each of said bills contained the notice that if the said taxes were not paid on or before the 1st day of June, 1919, the property upon which said taxes were owing would be sold to enforce payment of the same; and the constable in whose hands the bills were placed, after failing to find the owners of said properties, conspicuously posted a copy of each of said bills and notices upon each of the properties mentioned, and made his return as required by law.

The taxes aforesaid not having been paid on the 1st day of June, in the year above mentioned, N. Bosley Merryman, Treasurer and Collector, levied upon said properties or at least a portion of each of them, the sale of the whole not being required for the payment of the taxes due thereon, and at the same time the properties levied upon were appraised.

It does not appear that anything further was done by Mr. Merryman as treasurer and collector towards the forced collection of said taxes, but, upon the induction in office of Mr. Hunter, he proceeded with the enforcement of the payment of them by continuing the proceedings begun by Mr. Merryman, his predecessor, and after advertising each of the properties previously levied upon by Mr. Merryman, or so much thereof as was required for the purpose of the sale, sold the same at public auction to the appellant, the Commissioners of Baltimore County.

The sales to the purchasers were accordingly reported and the usual *nisi* order placed thereon, but the Commissioners of Baltimore County, apprehending they could not receive a

good title to said lands and properties under the sales to them, because of the reasons which we have stated, filed exceptions to the sales so made, and upon the overruling of their exceptions and the passage of the order ratifying the sales, they have appealed therefrom to this Court.

The law is now well settled that, in order to render a sale for taxes valid, the essential requirements of the statute must be substantially complied with. *Taylor* v. *Forrest,* 96 Md. 531. But have not the essential requirements been substantially complied with in this case?

It is disclosed by the report that the levy made by Mr. Merryman on the 25th day of September, 1919, was made within the time stated in the statute, though the sale was not made for nearly two years thereafter.

The statute, in respect to the time when the sale is to be made in such cases, provides that when the levy is made and notice thereof with copy of the bill for the taxes due, with interest and costs, is delivered to the owner or posted upon the premises, with the further notice that if said taxes, interest and costs be not paid within thirty days, the treasurer at such time *is authorized* to expose the property at public sale after complying with the provisions of the statute in relation thereto.

In *State* v. *Baltimore County,* 29 Md. 522, the act there construed provided that the Commissioners of Baltimore County, within twenty days after the passage of the act, should order an election for five supervisors of roads and bridges. The County Commissioners failed to order the election within the time named, and an application was made to obtain a writ of mandamus directed to the County Commissioners of Baltimore County, directing and commanding them to take the necessary steps to give effect to and put in force said act. The Commissioners answered, stating that the time in which they were required to act had elapsed before the application was made for the writ of mandamus, and, therefore, the law had become inoperative.

In reply to this contention the Court said, speaking through
JUDGE ALVEY:

"To this proposition of the appellees we cannot assent.
That it should be in the power and election of subordinate
ministerial or executive officers, by refusing to obey the law,
to defeat and nullify it, is a proposition too startling to be
favorably entertained in a court of justice. And to prevent
such a result being effected, where the duty prescribed is of
a public nature, and intended for the public benefit, and is
directed to be performed within a specified time, courts have
adopted as a general rule in the construction of statutes, that
they are, in respect to the time, to be regarded *as directory*
merely, unless, from the nature of the act to be performed,
or the language employed in the statute, it plainly appears
that the designation of time was intended as a limitation of
power of the officer."

The object of the statute before us is to enforce the pay-
ment of taxes by sale of the property of delinquent owners,
and the statute sets out in detail the procedure to be followed
by the collector in such cases, consisting of those things that
he is required to do before the property upon which the taxes
are owing may be sold. It is only when he has substantially
performed the requirements so placed upon him, that he,
under the statute, *is authorized* to expose the property at
public sale and then, only after giving the requisite time
and notice mentioned in the act.

While the statute states at what stage in the proceedings the
collector is authorized to sell the property, it fixes no time
at which he is directed or commanded to sell it, except that
it states (section 151) that "the collector is required to
enforce the payment of all taxes by levy upon and sale, as now
provided by law, of all property upon which said taxes are in
arrears, as soon as he is empowered to make said levy and
sale." This fixes no definite or specific time at which the
land shall be sold after the levy is made. The collector is,
under such clause of the statute, to sell as soon as he is em-

powered to make the levy and sell, and this no doubt he should do, but his failure to sell at such indefinite time would not render the sale void. It would, we think, be controlled by the rule laid down in *State* v. *Baltimore County, supra,* the time being directory merely, for there is nothing in the language of the statute, or in the nature of the act to be performed, making it plainly appear that the designation of time was intended as a limitation of the power of the collector.

The second exception presents the question whether a collector appointed, under the local law mentioned, to fill the unexpired term of one who dies in office, has the authority, under the act, to continue and complete the proceedings begun by his predecessor for the collection of taxes by a sale of the lands upon which the taxes are owing.

Section 151 of the Code above mentioned provides that:

> "At the expiration of his (the collector's) term of office he is directed and required to deliver to his successor in office all balance of collectible taxes due upon the levies, and other proceedings had for the enforcement of the payment of said taxes; and the said successor or newly elected and qualified treasurer and collector, upon the delivery to him of the bills aforesaid, is empowered and required to collect and enforce the payment of said taxes in the same manner as is now provided by law; and in all cases where the treasurer and collector has taken steps for the enforcement of the payment of said taxes either by notice, levy, advertisement or other proceeding, and if his term of office shall expire before the collection of said taxes or before said proceedings are completed, the newly elected and qualified treasurer and collector is empowered and required to continue and complete said proceedings for the enforcement of the payment of said taxes and to collect the same in the same manner as is now provided by law, and with all the power and authority in law had by the retired

treasurer and collector during his term of office for that period."

The position taken by the appellants in relation to the above quoted provision of the statute is that it confers such authority upon a successor of one who has fully served out the period of his appointment of election, but that it does not confer that authority upon one whose predecessor died in office before the expiration of the term for which he was appointed or elected.

Under the local statute to which we have above referred, the Treasurer of Baltimore County is elected by ballot at each general election and receives a salary of $3,000 annually. Among the duties to be performed by him is the collection of state and county taxes, and, as the statute provides, "in the event of his (the treasurer's) removal from the county, death or resignation, the County Commissioners shall declare the office vacant, and at once proceed to fill the same by the appointment of a suitable person for the remainder of the term." It was pursuant to the provisions last quoted that Mr. Hunter was appointed treasurer upon the death of Mr. Merryman, who had served in that capacity for a number of years.

In *Duvall* v. *Perkins,* 77 Md. 582, the Court said, speaking through JUDGE McSHERRY: "Without some express authority conferred by the legislature, the collector is powerless to complete an execution commenced by his predecessor."

The statute before us, however, contains such a provision, and one, we think, sufficiently comprehensive to confer upon a successor of one dying in office the authority to continue and complete the proceedings started by him looking to the enforcement of the payment of taxes by the sale of the lands upon which they are owing.

In *Carstairs* v. *Cochran,* 95 Md. 488, after suit had been instituted by one Fowble, Treasurer and Collector of taxes for Baltimore County, it developed in the trial of the case that the term of Fowble had terminated at the time of the insti-

tution of the suit, and that Cochran had at such time succeeded him as Treasurer and Collector. Whereupon, the Court directed the declaration to be amended by striking out the name of Fowble as Treasurer and Collector and inserting in lieu thereof the name of Cochran.

This Court, in sustaining the action of the lower court thereon, after quoting the provision from section 151 of the statute, which we have hereinbefore quoted, said, speaking through JUDGE PEARCE: "Under such remedial statute every implication is to be made to accomplish its purpose, but in view of the emphatic and comprehensive language used here there is no room for implication, the authority being express."

JUDGE PEARCE was, of course, speaking of the effect of the law upon the facts before him, where Cochran had not succeeded one who had died in office, and it is not disclosed by the opinion whether a different decision would have been reached had the facts been different, that is: had Fowble died in office and Cochran had been appointed to succeed him. However he speaks in very positive and strong language as to the application of the law to the facts considered by him, stating that it was emphatic and comprehensive, and in addition thereto saying that, in a remedial statute of this sort, "every implication is to be made to accomplish its purpose."

If the statute confers authority upon a Treasurer and Collector of Taxes for Baltimore County to continue and complete the proceedings begun by his predecessor, who completed his term of office without having collected the taxes for which such proceedings were instituted, we fail to see why any distinction should be made in respect to the right of a successor to continue such proceedings begun by his predecessor who died in office, especially in view of the fact that such successor is appointed to fill out the unexpired term of his predecessor and ordinarily to do all those things that would devolve upon him officially for such period of time, and we therefore can conceive of no reason why the Legislature should have made the distinction noted above, and we do not believe it has done so or intended to do so.

Mr. Hunter in this case was appointed to fill out the unexpired term of Mr. Merryman, meaning, thereby, that he, ordinarily at least, should perform the duties that were to be performed by Mr. Merryman during the term for which he was elected, had he lived through that period, and yet if the contention of the appellants be adopted, he, in the performance of those duties, would be abridged in his rights and powers over those who would have succeeded Mr. Merryman had he completed his term of office, and as to such duties they ordinarily would have had no connection whatever.

The object of the statute was that the work of the predecessor should be availed of by his successor, and that each step of the proceedings taken by the former should not be repeated by the latter with the attendant loss of time in so doing.

A brief mention has also been made in the brief of the appellant of the fact that at the time the lands were sold they were no longer located in Baltimore County but in the City of Baltimore. The Act of 1918, chapter 82, by which that part of said county was annexed to Baltimore City, provides:

> "The Treasurer of Baltimore County and the Treasurer of Anne Arundel County are hereby respectively authorized to collect all State taxes levied for the year 1918, and the proportion to December 31, 1918, of all county and other local taxes, if any, levied for the fiscal year 1918-1919, and all taxes for previous years which may not have been paid, to the same extent as if this act had not been passed."

And therefore, upon the facts disclosed by the record, we find no reason to refuse the ratification of the sales because of such fact.

The three orders will therefore be affirmed.

*Orders affirmed, with costs.*