HOCHSCHILD, KOHN & COMPANY, INC., *v.* MARY MURDOCH.

[No. 14, January Term, 1928.]

*Decided April 3rd, 1928.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Fendall Marbury,* with whom was *William L. Marbury* on the brief, for the appellant.

*Edward H. Burke,* with whom were *Bowie & Burke* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

The owner and occupier of a department store in Baltimore City appeals in this case from a judgment for damages for injuries to a customer knocked down by one of the wings of a revolving door. The only exceptions pressed are to the trial court's refusal of instructions to the jury that their verdict should be for the defendant because of a lack of any legally sufficient evidence of negligence causing the injury, because of a variance between the allegations of negligent cause and the facts adduced as proof of it, and because of contributory negligence on the plaintiff's part.

The plaintiff, a lady of eighty-nine years of age, was leaving the store with a sister two or three years younger, and whose eyesight was impaired, and, according to the plaintiff's testimony, she found the left side of one of the revolving doors open, that is, there was an open passage through on that side; and seeing this she started to go out with her sister through that passage, when a wing of the doors ahead of her swung around and injured her. Employees of the store testified that she merely made the mistake of starting through the wrong side of the doors as they were revolving regularly, but the plaintiff's version is legally sufficient for consideration by the jury on so much of the facts, and on appeal it must be taken as proved that there was a passageway left open by the folding back of at least one wing of the doors. The important question to be decided is whether there was in all the evidence presented sufficient to support a finding that the accident thus occurring was brought about by negligence for which the owner and occupier of the store was liable. In Maryland, as elsewhere, it is settled that the occupier of a store or

other premises is not an insurer of the safety of persons who come there upon his invitation to do business with him, that his obligation is one for the exercise of care for their safety such as an ordinarily prudent man would exercise, and any liability on his part for injury to a patron could be based only upon a failure to exercise that care. *Balto. & O. R. Co. v. Rose,* 65 Md. 485; *Fulton Building Co. v. Stichel,* 135 Md. 542, 545; *Texas Co. v. Wash., B. & A. Elec. Ry. Co.,* 147 Md. 167, 173; cases collected 29 *A. L. R.* 13, 20. This court has also adopted the view widely held in other jurisdictions that the obligation to business customers or invitees with relation to construction or repair of the premises is one to see that care is exercised, by whomsoever the work of construction or repair may be done, whether by the occupier's servants or by independent contractors. *Bethlehem Steel Co. v. Variety Iron Co.,* 139 Md. 313, 321; *Agricultural & Mech. Assn. v. Gray,* 118 Md. 600, 606; cases collected 23 *A. L. R.* 1009; *Pollock, Torts* (11th Ed.), 512, 516.

The evidence is that this revolving door was an old one with modern appliances added, that it was bought from the manufacturer who made most or all of similar doors at the time; and there is no testimony that it lacks any appliances needed, or that it differs materially from such doors as are in widespread use by the owners or occupiers of other buildings, while there is testimony for the defendant that it is just such a door. The fact that a wing "collapsed," as the witnesses say, that is, that it left its regular fixed position for revolving, and swung so as to open a passageway through, does not of itself afford proof of negligence, because that might happen without negligence; it is testified that revolving doors in such establishments must be constructed to collapse on pressure at one part so that in case of panic people struggling to go through both sides will not block the exits but will open them. There was no evidence that the wing had been collapsed long; an expert witness produced on behalf of the plaintiff said it might have been collapsed only a few seconds before. The

only evidence which is to be considered as possible foundation for a finding of negligence is in further testimony of that expert, who makes a business of installing doors and windows. He testified, first, that the flaps or wings on this door had locks or bolts to hold them to a revolving top, and to the floor when desired, that to hold a wing in collapsed or folded position it must be locked or bolted to the floor; and, assuming that the plaintiff found the open passageway which she described, there must have been a wing folded back and not locked to the floor, and, that being so, the slightest movement, such as a person trying to come in on the other side, would drive the wing open. Locking to the floor was the method of making the wing stationary, he said, and it could have been locked to the ceiling and slipped. The witness then said that on examination of the wing he found that at some time previously, perhaps three or six months, a piece of metal at the top used to keep the top of the wing in a straight line and for other purposes had been replaced, and that when it was replaced a bolt was left protruding in such a position that it pressed the top of the leaf or wing over so that it was out of plumb one and seven-eighths inches, comparing the top with the bottom, and he added that leverage caused by the bolt could unlock the wing at any time. After a visit to the door during the trial, however, the witness testified that he was mistaken in assuming that this wing had bolts to hold the wings at the floor; a collapsed wing is held in position together with the three other wings by fastening at the top. The parties differ on the extent of the change which this withdrawal makes in the testimony, but it seems to us that it leaves testimony by the witness that the wing or door spoken of was, by a defect in construction or repair, rendered too easily collapsible; and it is argued that this too easy collapsibility was the cause of the opening of the door and the subsequent swinging upon the plaintiff as she testified. The weight of the witness' remaining testimony after the change he made in it does not enter into the decision on its legal sufficiency. There is no dispute that if the door was open the wing was

not fastened to stay in that position. The accident happened in November when doors would not regularly be held open.

No question is raised of identity of the defective door, if there was one, with the door which struck the plaintiff. Only the one wing, it seems, was found defective, and none but a defective wing would be collapsed except by pressure at a place which would not be touched by customers passing in and out in the ordinary way; and, so far as appears, the door was merely being used in the ordinary way. With the ruling of the trial court that contributory negligence on the plaintiff's part was not established beyond question, this court concurs. The court could not say that her taking what appeared to her to be a passageway left open for use was negligent; a jury might or might not so conclude, and the question was properly referred to the jury in this case. This court also concludes that the trial court ruled correctly upon the objection that negligence was sought to be established upon a ground at variance with that alleged in the declaration. The allegation was that the exit was negligently left in an unsafe and dangerous condition "in that a certain revolving door was then and there insecurely folded and suffered and permitted to remain in the center of said entrance and exit without efficient and adequate brakes or stays to hold and keep it in place"; and the only one of such facts of which evidence was given was that of insecure folding of the door, negligence being placed in causing the folding or collapsing rather than in a subsequent insecure fastening. But this difference seems to us to be immaterial. The essence of the complaint is that a wing or door was negligently permitted to be loose and out of control, and the emphasis on the lack of secure fastening seems unlikely to have placed the defendant at a disadvantage in a trial on the evidence adduced, or to have entailed any other of the evils which should lie at the foundation of the rule against variances between allegations and proof. *Consolidated Gas Co. v. Connor,* 114 Md. 140, 159.

*Judgment affirmed, with costs to the appellee.*