# MARTHA E. DICKEY *v.* HOCHSCHILD, KOHN & COMPANY.

[No. 24, April Term, 1929.]

*Decided May 24th, 1929.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Harry O. Levin*, submitting on brief, for the appellant.

*Fendall Marbury*, with whom were *William L. Marbury* and *L. Wethered Barroll* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The appellee in this case conducts a large department store at the northwest corner of Howard and Lexington Streets in Baltimore City. Between the third and fourth floors of the building its occupies there is a mezzanine or balcony floor, connected with the third floor by a flight of stairs consisting of about twelve steps. The risers of these steps are of a convenient height, and the treads are about six feet long by about twelve or fourteen inches in width, and on the left of the stairway going down there is a "banister rail." Along the surface of the treads there are placed lengthwise, and apparently parallel with the edges thereof and about four inches from the risers, three metal straps, then a strip of rubber or linoleum about four inches wide, and then three other straps.

On August 23rd, 1926, Mrs. Martha E. Dickey, the appellant, with her daughter, Mrs. Florence Sterling, visited the store, and went to the third balcony, or mezzanine floor, to look at some "sport dresses" which were displayed there. Having finished their inspection, they started to descend the stairway to the third floor. Mrs. Dickey, who was on the left side with her hand on the rail, placed her right foot on the first step down from the landing, and then her left foot on the same step, but as she attempted to proceed her left foot caught on the step, she was thrown off her balance, and fell to the bottom of the stairs. When her daughter reached her, she found that her mother had lost one of her shoes, and, when she returned to look for it, she found it so tightly wedged between the floor of the first step down from the landing and the metal strap nearest the riser, that, to remove it, it was necessary to pull it out. "The shoe was hooked in the tread, which, and a space—it looked like the tread—in

fact, it wasn't all the way down on the wood, there was a space between the wood and the iron tread where the shoe got hooked into." Upon examining the strap, she found that it was secured to the surface of the step by screws, but that the end in which appellant's foot caught was so loose that there was a space between it and the floor of the step, in which the shoe caught, and that, while there was a hole in that end for "the screw, there was no screw in it."

Some eighteen months later, on March 23rd, 1928, Mrs. Dickey brought an action in case against the appellee in the Superior Court of Baltimore City, to recover for the injuries she claimed to have suffered as a result of that accident. The case came on in ordinary course for trial and, at that trial, at the close of the plaintiff's case, the court directed a verdict for the defendant, on the ground that no evidence had been offered legally sufficient to entitle the plaintiff to recover. From the judgment on that verdict this appeal was taken.

The single question presented by the appeal is whether the facts stated, which are conceded by appellee's demurrer prayer, are sufficient in law to justify an inference that it was guilty of actionable negligence in permitting the step, which occasioned the injury of which appellant complains, to be in an unsafe condition.

It is well settled that one who enters a store for the purpose of purchasing articles offered for sale there, or even for the purpose of inspecting them, is an invitee, and that the proprietor owes to such person the duty of exercising ordinary care to see that the place where such articles are displayed and the approaches thereto are in such a condition as not to imperil him, so long as he himself exercises ordinary care. *Hochschild, Kohn & Co. v. Murdoch,* 154 Md. 575; *Isaac Benesch & Sons v. Ferkler,* 153 Md. 683; 48 *A. L. R.* 136; 33 *A. L. R.* 181; 45 *C. J.* 814, 826. And any breach of that duty, resulting in injury to the invitee, will constitute actionable negligence. But as actionable negligence is a relative and not an absolute term, whether it exists

in a given case must depend upon the facts and circumstances from which it is sought to be inferred. *Benedick v. Pott,* 88 Md. 55; *Geiselman v. Schmidt,* 106 Md. 584; *Schell v. United Rwys. etc. Co.,* 144 Md. 531. "Ordinary care," is also a relative term, the meaning of which varies with the nature and character of the object to which it is applied (*Merrifield v. Hoffberger,* 147 Md. 141), and conduct, which under one set of circumstances would constitute ordinary care, might under others be wholly insufficient to gratify the demands of that term. *Words and Phrases,* First, Second, and Third Series.

So that, in determining whether the facts to which we have referred are sufficient to support an inference of negligence, consideration must be given, not only to the particular defect in the step which occasioned the accident, but also to other facts, such as the purpose for which the stairway was designed, that it was likely to be used by large numbers of persons of varying degrees of physical strength and activity, and of all ages, and that the attention of such persons might very probably at times be diverted by articles about them displayed for the very purpose of attracting their attention. Under such circumstances, ordinary care required the proprietor, not only to see that the stairway was so constructed as to be reasonably safe for use by persons who were themselves exercising ordinary care, but that it was maintained in that condition. The trial court reached the conclusion that the facts of this case were not legally sufficient to permit any rational inference that the appellee had failed to discharge either of those duties, and in arriving at that conclusion much reliance was placed upon the case of *Schnatterer v. Bamberger,* 81 N. J. L. 558. In that case the plaintiff, while descending a stairway in defendant's store, caught her shoe in a loosened brass edging or "nosing" on one of the steps, in consequence of which she was thrown and injured. The court there held those facts furnished no evidence of actionable negligence, because they did not show (a) that the defendants had been actually notified of the defect, or

(b) that it had existed for a space of time sufficient to charge them with constructive notice of it. But we are unwilling to accept the reasoning of the court in that case, or the conclusion reached by the trial court in this. In that case the defendants must naturally have anticipated that the stairway would be used by a large number of people, and that as a result of such use the steps and any covering on them would become in time worn and defective, and, as their duty to their patrons to see that the stairs were safe for use did not end when they constructed them, they were also bound to inspect the steps at reasonable intervals to ascertain their condition, and not to wait until some person whom they had invited to the store broke his neck as a result of a defect which a seasonable inspection would have revealed. And the defective condition which caused the accident was in itself some evidence of a failure to fairly discharge that duty.

In this case the accident was caused by the loose end of an iron strap being raised above the surface of the step. It appeared that the strap was designed to be fastened to the step by a screw, for the fast part was so fastened, and there was a hole for the screw in the loose end, but there was no screw in it.

The appellee should have anticipated that, as a result of the wear and tear to which they would be subjected, the material on the surface of the steps would at some time become worn and defective, and ordinary care required it to maintain some system of inspection which would discover that condition in time to remedy it before it resulted in injury to its customers. It is undoubtedly true that it was in no sense an insurer of the safety of its customers, but to exonerate it from any responsibility for the condition of the step which caused the accident unless it actually knew of the defect, or unless the plaintiff showed that it had existed for so long a period that defendant was charged with constructive notice of it, would be in effect to shift the duty of inspection from the storekeeper to the customer. The rule, prescribing notice, actual or constructive, as an essential ingredient of

negligence in permitting the existence of such a defect as that which resulted in the injury in this case, does not mean that, before he can be charged with negligence, it is necessary to notify an alleged tort-feasor of his own breach of duty, but that, after he has used ordinary care to prevent or discover any such condition and it nevertheless occurs, then its existence is no evidence of his negligence, unless he actually knew or had a reasonable opportunity to know of it. 45 *C. J.* 653-655, and text notes.

In this case the suggestion is made that the strap may have been loosened by the plaintiff's shoe as she stepped on it, or that the screw which held it may have been torn out by the wrench she gave the strap, and that the appellee could not be charged with negligence under such circumstances, because it could have had no knowledge of the defect. But if the steps were so constructed that such a condition could result from such use as the plaintiff was making of them when the accident occurred, that in itself indicated that their construction was faulty. On the other hand, if they were properly constructed in the first place, the fact that they had been permitted to become so worn and loosened as to be dangerous to persons using them in the way they were evidently intended to be used was likewise some evidence that the appellee had failed to properly inspect them.

If there had been any evidence that the appellee had exercised ordinary care to see that the steps were properly constructed, and that it had exercised ordinary care to see that they were kept in a safe condition, then, before it could have been charged with negligence in failing to prevent or remedy the defect, it would have been necessary for the plaintiff to have shown that it knew or had had a reasonable opportunity to have known of it. But in the absence of any such evidence, the condition of the step immediately after the accident was sufficient to warrant the inference (a) that its construction was defective in material or design, (b) that the loosened strap had never been properly fastened down, or (c) that appellee had failed to make a reasonably careful inspection

of the stairway. Under such circumstances, and in the absence of any evidence tending to show what if any care appellee exercised to keep its premises in a safe condition for use by those who at its invitation entered its store to examine or purchase its wares, whether it was or was not negligent in failing to prevent or remedy the defect which caused the accident in this case was a question for the jury, and there was error in granting appellee's prayer.

While our attention has been called to no precisely similar case, other than the case of *Schnatterer v. Bamberger, supra,* and while there is conflict in the cases as to the application of the principles involved in our conclusions, it is consistent with our own decisions (*Hochschild, Kohn & Co. v. Murdoch, supra; Benesch v. Ferkler,* 153 Md. 680; *Grzboski v. Bernheimer-Leader Stores,* 156 Md. 146), and finds some support in several well reasoned opinions in other states, which, while not strictly in point, involve the application of the principles we have stated to facts not wholly dissimilar from those involved in this case. As, *Harvey v. Machtig,* 73 Cal. App. 667, where the proprietor of an amusement resort was held negligent in not anticipating that a certain tree might fall and injure patrons of his place; *Falder v. B. Nugent & Bros. Dry Goods Co.,* Mo. App. 251 S. W. 138, where the plaintiff caught her shoe in a defective rubber pad on one of the steps of a stairway, and was thrown and injured, and where the court, although reversing the case on another ground, held that evidence that pads on the steps several days before the accident were worn, rough, and curled at the edges, was some proof of their condition at the time of the accident, and in that connection said: "In *Norton v. Kramer,* 180 Mo. 536, it is ruled that, in an action for damages for personal injuries charged to be due to the defective condition of a side walk, evidence of its condition before or after the accident, if within such reasonable time as to justify the inference that it was in such condition at the time of the accident, is admissible"; *Bennett v. Jordan Marsh Co.,* 216 Mass. 550, where plaintiff slipped on a step that defendant had permitted to

become worn and slippery; *Russell v. Stewart Dry Goods Co.*, 56 S. W. (Ky.) 707, where plaintiff was injured by a splinter from the floor of defendant's store room piercing her foot through her shoe. See also 45 *C. J.* "*Negligence*," sec. 27; 58 *A. L. R.* 136; 46 *A. L. R.* 1111; 43 *A. L. R.* 868; 33 *A. L. R.* 131.

For the error involved in granting appellee's prayer, the judgment will be reversed and the case remanded for a new trial.

*Judgment reversed and case remanded for a new trial, with costs to the appellant.*