RAWLS *v.* HOCHSCHILD, KOHN & CO., INC.

[No. 131, October Term, 1954.]

114

*Decided April 21, 1955.*

116

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS. HENDERSON and HAMMOND, JJ.

*Julius G. Maurer,* with whom was *H. LaRue Parke,* on the brief, for appellant.

*Thomas G. Andrew* and *Jeffrey B. Smith,* with whom were *Rollins, Smalkin, Weston & Andrew,* on the brief, for appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Mrs. Nannie Rawls, of Baltimore, entered this suit in the Superior Court of Baltimore City against Hochschild, Kohn & Company, Inc., owner of the department store at the northwest corner of Howard and Lexington Streets in Baltimore, to recover for personal injuries sustained in a fall on a stairway in defendant's store.

The accident happened on March 24, 1952. Plaintiff testified that she tried to enter the north door on Howard Street on that day about ten minutes before 1 o'clock, but found it locked. The store was closed on that day until 1 o'clock on account of the funeral of one of defendant's officers. Plaintiff testified that, although there was a drizzle of rain, she waited on the sidewalk for about ten minutes. She pushed the door again at 1 o'clock. At that time the door was open, and upon entering the store she proceeded to a stairway leading to the basement. On reaching the first landing, she glanced down the steps to the second landing and did not see anything on the steps, but she slipped on the second step and tumbled down the other four steps to the second landing. She further testified that, by holding the hand rail and raising herself, she saw some water on the fourth step above the landing.

The porter, who unlocked the store doors, testified that on the day of the accident he unlocked the north door about fifteen or twenty minutes before 1 o'clock. He said that inside the door was a roped-off area with chairs where customers could wait from the time when the door was unlocked until the time when the ropes were taken down, and that a number of people were waiting in the roped-off area, and none of them went to the basement before he took down the ropes at 1 o'clock.

The trial judge submitted the case to the jury, but they failed to agree upon a verdict. The judge thereupon granted defendant's motion for a judgment *n.o.v.* On this appeal from the judgment, the question is whether there was any legally sufficient evidence of negligence of defendant.

It is an accepted statement of law that a possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (1) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (2) has no reason to believe that they will discover the condition or realize the risk involved therein, and (3) invites or permits them to enter or remain upon the land without exercising reasonable care to make the condition reasonably safe, or to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility. 2 *Restatement, Torts,* sec. 343.

It is the law in Maryland, as in other States, that the proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so. The customer is entitled to assume that the proprietor will exercise reasonable care to ascertain the condition of the premises, and if he discovers any unsafe condition he will either take such action as will correct the condition and

make it reasonably safe or give a warning of the unsafe condition. *Hochschild, Kohn & Co. v. Murdoch,* 154 Md. 575, 141 A. 905; *Dickey v. Hochschild, Kohn & Co.,* 157 Md. 448, 146 A. 282.

Thus in *Moore v. American Stores Co.,* 169 Md. 541, 546, 182 A. 436, where there was a place on the floor of a store that was so greasy and slippery that defendant slipped and fell, and it was apparent from the very nature of the condition that it must have existed long enough to permit the inference that if the defendant had exercised reasonable care it must have known of the condition, this Court held that if the defendant knowingly permitted its floor to be in an unsafe condition, it had failed to discharge its duty to exercise ordinary care for the protection of its customers. The Court there said that a storekeeper is not under a duty to exercise any higher degree of care than any other inviter, but "to discharge the duty imposed upon him of exercising ordinary care for the safety of business visitors to his premises, he may be required to take different measures or precautions than would one who invited others to his private residence for purposes of social intercourse or even business."

This distinction was noted by the American Law Institute in the following comment: "One who enters a private residence even for purposes connected with the owner's business, is entitled to expect only such preparation as a reasonably prudent householder makes for the reception of such visitors. On the other hand, one entering a store, theatre, office building or hotel, is entitled to expect that his host will make far greater preparations to secure the safety of his patrons than a householder will make for his social or even his business visitors." 2 *Restatement, Torts,* sec. 343e.

However, the proprietor of a store is not an insurer of his customers while they are on the premises, and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store. To recover in an action for dam-

ages, the plaintiff must show that the defendant was guilty of negligence which produced the particular injury alleged. In *Benedick v. Potts,* 88 Md. 52, 55, 40 A. 1067, 1068, 41 L. R. A. 478, Chief Judge McSherry explained this basic principle as follows:

"As an injury may occur from causes other than the negligence of the party sued, it is obvious that before a liability on account of that injury can be fastened upon a particular individual, it must be shown, or there must be evidence legally tending to show, that he is responsible for it; that is, that he has been guilty of the negligence that produced or occasioned the injury. In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence. It is true that direct proof of negligence is not necessary. Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred. But this inference must, after all, be a legitimate inference and not a mere speculation or conjecture. There must be a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them. This principle is never departed from, and in the very nature of things it never can be disregarded."

In an action by a customer to recover damages resulting from a fall in a store caused by a foreign substance on the floor or stairway, the burden is on the customer to produce evidence that the storekeeper created the dangerous condition or had actual or constructive knowledge of its existence. This burden is not met if it appears that the injuries resulted either from the defendant's negligence or from some independent cause, for the existence of which the defendant is not responsible, unless the plaintiff excludes the independent cause

as the proximate cause of the injuries. *Scott Wilson & Son v. Blaustein,* 144 Md. 289, 124 A. 88; *Strasburger v. Vogel,* 103 Md. 85, 63 A. 202.

It is not necessary for recovery of damages that there be evidence that the storekeeper had actual knowledge of the dangerous condition. However, the customer cannot recover unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it.

In *Montgomery Ward & Co. v. Hairston,* 196 Md. 595, 78 A. 2d 190, where a customer slipped and fell on an oily place on the floor and broke her leg, and there was testimony that the floor had been mopped before the store was opened and again later in the morning, the Court said that if there was any foreign substance on the floor, it could have been dropped by a customer immediately before the plaintiff arrived. Accordingly the Court held that the evidence was not legally sufficient to charge the defendant with constructive notice of the oily place.

In *Downing v. Jordan Marsh Co.,* 234 Mass. 159, 125 N. E. 207, where a customer tripped on the edge of a mat and was injured, and she testified that the edge was lifted out of a groove, the Court said: "Assuming but not deciding that the mat was defective, it did not appear for how long a time it had been so, or that the defendant or its servants knew, or might have known, of it by the use of reasonable care. If the plaintiff fell because she tripped against the edge of the mat which was lifted out of the groove, there is nothing in the evidence to show what caused this condition, or for how long a time it had existed prior to the plaintiff's injury. There was, therefore, no evidence that the defendant was negligent."

In *Bornstein v. R. H. White Co.*, 259 Mass. 34, 155 N. E. 661, the Court held that no recovery could be had for personal injuries sustained by a customer in a fall on a wet spot on a marble stairway in a retail store, in the absence of proof that the alleged wet spot was caused by the defendant or that it had been there for some appreciable length of time.

In *De Velin v. Swanson*, R. I., 72 A. 388, where a customer slipped on a banana peel in a store, the Court held that the storekeepers were not liable for the customer's injuries, because there was no evidence that the storekeepers had notice of the fact that the banana peel was on the floor, or that it had been there long enough to constitute constructive notice.

In *Ziegler v. Providence Biltmore Hotel Co.*, 59 R. I. 326, 195 A. 397, it was held that a hotel patron was not entitled to recover from the hotel company for injuries sustained in a fall on a marble stairway, notwithstanding that the steps were wet and slippery, in the absence of proof (1) that a foreign substance had rendered the steps dangerous, (2) that the dangerous condition remained long enough to give the hotel company reasonable notice, active or constructive, of its existence, (3) that the hotel company, after such notice, negligently failed to remove the danger or warn the patron of its presence, and (4) that such dangerous condition was the proximate cause of the injuries.

In *Dudley v. Abraham*, 122 App. Div. 480, 107 N. Y. S. 97, it was held that the proprietors of a store were not liable to a customer who was injured by slipping on a wet or slimy spot on the floor near a drinking fountain, because there was no evidence that the proprietors put it there, or that it had been there long enough to be seen and cleaned up.

In *Emerson v. S. S. Kresge Co.*, 8 Cir., 259 F. 206, 207, a customer slipped on a jelly bean as she was walking down a stairway in the defendant's store. It appeared that there was a candy counter along the side of the head of the stairway, and on the counter was a bin

full of jelly beans, which were piled higher than the sides of the bin. There was testimony that one of the employees in the store had poured a supply of jelly beans into the bin about a half hour before and had spilled some of them on the floor. The Court, in affirming the judgment in favor of the defendant, stated: "There is no evidence that the candy was habitually piled in the bin on the counter in such a way as to naturally or probably fall over the sides of the bin upon the floor or stairs. There is no evidence that any of defendant's employes knew that any candy had fallen on the floor when it was emptied into the bin a short while before the accident, nor are the circumstances such as to charge defendant with such knowledge."

How long a storekeeper may fail to find or correct a dangerous condition on a floor or stairway in his store without being liable to a customer for injuries resulting therefrom depends upon the facts and circumstances in each particular case. The question requires a consideration of the nature of the condition, its foreseeable consequences, the means and opportunities of discovering it, the diligence required to discover and correct it, and the foresight which a person of ordinary prudence would have exercised under similar circumstances.

Where it might reasonably be decided that the storekeeper could have discovered the dangerous condition by the exercise of reasonable care, the case should be submitted to the jury. *Grzboski v. Bernheimer-Leader Stores,* 156 Md. 146, 143 A. 706. But where no inference could reasonably be drawn that the storekeeper could have discovered the condition by the exercise of reasonable care, the court should decide the case as a matter of law.

In the instant case plaintiff urged that, since she was the first person to enter the north door after it was unlocked, and since she was presumably the first customer to walk down the stairway leading to the basement, the water must have been dropped by an employee of the store. Defendant's store is a very large one with

entrances on both Howard Street and Lexington Street. The porter could not have unlocked all of the doors at the same moment. Likewise it could not be proved that plaintiff was the first customer to enter the store and to walk down the stairway to the basement. When plaintiff was asked in the Court below whether she tried any of the other doors to see if they were open, she said "No." When asked if she knew whether or not any customers had entered the store ahead of her through the other doors, she said "No." Thus it is purely a matter of speculation whether the alleged water was dropped by an employee or by someone else.

Moreover, there is plausibility in defendant's suggestion that, if there was any water on the stairway, it might have come from plaintiff's clothes when she fell. We say this for two reasons. First, she admitted on the stand that it had been raining for several hours and that she stood on the pavement in the drizzling rain for about ten minutes while waiting for the store to open. Secondly, she admitted that when she glanced down from the first landing she did not see anything on the steps.

In any event, even assuming that there was some water on the stairway before plaintiff fell, there was no evidence to indicate how it had been brought there or how long it had been there. Therefore, we find that the alleged dangerous condition, namely the water on the stairway, was not such as to warrant the inference that it had been there long enough to have enabled defendant to discover and correct it by the exercise of ordinary care.

For these reasons we hold that there was no legally sufficient evidence that defendant was guilty of negligence. Accordingly we will affirm the judgment entered in the Court below in favor of defendant.

*Judgment affirmed, with costs.*