## HILDA REITZICK *v.* ELLEN REALTY, INC.

### T/A LIBERTY WEST APARTMENTS

[No. 102, September Term, 1975.]

*Decided February 26, 1976.*

----

The cause was argued before MORTON, POWERS AND MASON, JJ.

*Harry Goldman, Jr.,* for appellant.

*James L. Mann, Jr.,* with whom were *Merriman, Crowther & Mann* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

This appeal arose from a suit for damages in Baltimore City Court (Sodaro, J.), for injuries sustained by the appellant, Hilda Reitzick. In the early hours of November 14, 1968, she slipped and fell on the sidewalk leading to her apartment, which she shared with her brother in the Liberty West Apartments, owned and operated by appellee, Ellen Realty, Inc. At the close of appellant's case, the appellee moved for and was granted a directed verdict in its favor. Appellant contends here that she did present a sufficient case of primary negligence against her landlord, and that the case should have been submitted to the jury.

In considering a motion for directed verdict in favor of the defendant at the close of plaintiff's case, the trial judge must assume the truth of all credible evidence and of all inferences fairly deducible therefrom in a light most favorable to the plaintiff. The trial judge must submit the

case to the jury "if there is any evidence, however slight, legally sufficient as tending to prove negligence, the weight and value of such evidence being left to the jury." *Curley v. General Valet Service,* 270 Md. 248, 264, 311 A. 2d 231 (1973).

The evidence adduced by the appellant established that slightly more than three inches of snow had fallen on November 12, 1968. The testimony of the apartment complex's resident manager (who lived across the street from appellant) indicated that the standard operating procedures for plowing and salting each sidewalk had indeed been carried out after this particular snowfall. Appellant admitted that the snow had been cleared from the sidewalk when she left for work the following morning at 8 a.m., and that she encountered no difficulty at that time. Her testimony indicated that the snow had been piled along the sides of the walkway. Upon her return home in the early hours of November 14, she slipped and fell while stepping onto the sidewalk. She described the sidewalk as a "sheet of glass", although she apparently did not notice this condition until after she fell, as she had assumed the sidewalk was clear. She suffered injuries necessitating hospital care as a result of the fall.

Appellee contends the above is insufficient to constitute a prima facie case of negligence against the property owner, because there was no evidence as to when or how the ice had formed. Appellant's brother testified that he had arrived home that evening sometime after dark, and that he had no recollection of the sidewalk being slippery at that time. Also, no evidence was offered as to the grading or drainage pattern of the premises.

A landlord in Maryland has the duty to exercise reasonable care to protect tenants from injuries resulting from ice upon the common approaches to apartment buildings. *Langley Park Apts. v. Lund, Adm'r.,* 234 Md. 402, 199 A. 2d 620 (1964). However, the plaintiff must ordinarily show that the landlord had actual or constructive notice either of the presence of ice and snow in the common way, or of the existence of a dangerous condition in the premises likely to work injury by causing such an accumulation.

Thus, the Court of Appeals in *Lund* analyzed the landlord's duty as follows:

"We do not mean to suggest that the mere fact that snow has accumulated will in and of itself result in a liability upon the landlord, for that would make him virtually an insurer. . . . [Liability] may result . . . *provided . . . [the landlord] knew, or in the exercise of reasonable care should have known, of the existence of a dangerous condition and failed to act within a reasonable time thereafter to protect against injury by reason of it.*" (Emphasis added) 234 Md. at 409-10.

*See generally* 49 A.L.R.3d 387 (1973). In *Lund,* there was testimony that the management had not removed snow from three days before, and that the walks were "slushy" some 3-1/2 hours before the fall. The management stated the snow had been removed. The Court affirmed a jury verdict for the plaintiffs. In *Honolulu Ltd. v. Cain,* 244 Md. 590, 224 A. 2d 433 (1966), the owner of a shopping center was held liable where an invitee was injured when she slipped on ice which had formed on the parking lot surface. The evidence indicated snow had been piled in a corner of the lot away from existing drains. The lot was graded so that the water ran completely across the lot. The plaintiff slipped on a ribbon of ice which had formed only fifteen to twenty minutes before the accident. The Court of Appeals stressed the necessity of showing actual or constructive knowledge of the dangerous condition:

"We hold, however, that knowing of this drainage pattern, and knowing that on cold February evenings water is likely to freeze, the defendant properly could be held to have acted unreasonably and negligently in permitting its snow removal service to pile snow at the end of the parking lot diagonally opposite from the drains. . . .

Secondly, having knowledge of the dangerous condition it had created, the defendant could have been held to have been also negligent in not sanding

or salting the wet area formed by the melting snow.
. . ." 244 Md. at 596-97.

In stark contrast to the constructive knowledge of the landlords in *Lund* and *Cain*, the case before us contains no evidence of insufficient snow removal or prior dangerous conditions (as in *Lund*), or of any peculiar grading or other physical attribute of the area which could suddenly engender a dangerous condition (as in *Cain*). This case is similar to cases where the dangerous condition was created by some unknown party, without the actual or constructive knowledge of the owner. In *Lexington Market Auth. v. Zappala*, 233 Md. 444, 197 A. 2d 147 (1964), the plaintiff fell on an oil or grease patch, and no evidence was offered as to the time or cause of its origin. The Court of Appeals held that the evidence was insufficient to submit it to a jury. *See also Rawls v. Hochschild*, 207 Md. 113, 113 A. 2d 405 (1955) (mere presence of water on a store's stairway insufficient to warrant inference of its discovery by exercise of ordinary care).

Appellant argues that the jury could infer actual or constructive knowledge because of an inference that a reduction in the size of the apartment complex's maintenance crew led to inefficient performance of the reasonable care duty. However, appellant herself offered affirmative proof through the testimony of the resident manager that this particular snow removal work had been performed properly. There was no evidence that this ice existed prior to her fall. In addition, appellant and her brother testified that the walkway was clear in the morning, and her brother also testified that he had no recollection that the sidewalk was slippery when he had walked on it approximately four hours before her fall. This evidence (or lack of it) rendered any slight inference created by the maintenance crew size to be *not* "fairly deducible". *See Curley v. General Valet Service, supra.* In the absence of any evidence tending to show a prior icing condition, or a dangerous physical attribute of the accident scene which might create such a condition, the plaintiff (appellant) did not meet her obligation to offer proof to establish that the

landlord had actual or constructive knowledge of the icing condition. Thus, the trial judge properly withheld the case from the jury.

*Judgment affirmed.*