**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1555**

EDITH GARNER,

                    Plaintiff - Appellant,

          v.

SUPERVALU, INCORPORATED, d/b/a Shoppers Food and Pharmacy,

                    Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge.
(8:08-cv-00895-DKC)

Submitted:  August 31, 2010      Decided:  September 17, 2010

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kez U. Gabriel, LAW OFFICE OF OTI W. NWOSU, Arlington, Virginia,
for Appellant.  Christopher R. Dunn, DECARO, DORAN, SICILIANO,
GALLAGHER & DEBLASIS, LLP, Bowie, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Edith Garner appeals the district court's grant of summary judgment to Supervalu, Inc., d/b/a Shoppers Food & Pharmacy (Supervalu) on her common law negligence claim. For the following reasons, we affirm.

I.

On December 11, 2005, at 1:15 p.m., Dr. Edith Garner and her cousin, Theresa Iloba, entered the Shoppers Food & Pharmacy in Bowie, Maryland. As Dr. Garner entered the store through the automatic doors, her left foot became caught on the carpeted floor mat. Dr. Garner lost her balance and plunged forward to the floor. Iloba, the store manager, and a good Samaritan came to Dr. Garner's aid and an ambulance was called. Dr. Garner was transported to the hospital and returned to the store the next day to file a written incident report. On December 13, Dr. Garner provided a recorded statement to Linda Reard of Risk Enterprise Management. Dr. Garner had extensive medical bills as a result of her fall.

On March 27, 2008, Dr. Garner filed a complaint in the Circuit Court for Prince George's County against Supervalu, alleging common law negligence. Supervalu removed the case to the federal district court on the basis of diversity

2

jurisdiction[*] and, following discovery, moved for summary judgment. The district court granted Supervalu's motion by written opinion on April 17, 2009.

II.

On appeal, Dr. Garner contends that the district court erred in granting summary judgment on her negligence claim. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's order granting summary judgment de novo. Jennings v. University of North Carolina, 482 F.3d 686, 694 (4th Cir. 2007) (en banc). In doing so, we generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Moreover, as a federal court sitting in diversity, we have an obligation to apply the jurisprudence of Maryland's highest court, the Maryland Court of Appeals. Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999).

---

[*] Supervalu is a Delaware corporation and Dr. Garner is a Maryland resident. The amount in controversy is more than $75,000.

Under Maryland law, to prove negligence Dr. Garner must show that Supervalu was under a duty to protect her from injury, that Supervalu breached that duty, that she suffered an actual injury or loss, and that the injury was the proximate result of Supervalu's breach of its duty. Valentine v. On Target, 727 A.2d 947, 949 (Md. 1999). In order to sustain a negligence action, "[i]t is not sufficient to merely assert conclusory allegations suggesting that the elements are in fact present in the controversy." Id.

In "slip and fall" cases, the duty of care owed by an owner or occupier of a premises is a function of his legal relationship to the person entering on the premises. In this case, the parties agree that Dr. Garner was a business invitee. She was thus owed a duty of "reasonable and ordinary care to keep [the] premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover." Bramble v. Thompson, 287 A.2d 265, 267 (Md. 1972). See also Pahanish v. Western Trails, Inc., 517 A.2d 1122, 1128 (Md. 1986) ("landowner's duty to business invitees is to use reasonable and ordinary care to keep his premises in a safe condition and to protect invitees against the dangers of which the landowner is aware or which, with reasonable care, he could have discovered").

4

To satisfy this duty, Dr. Garner must establish that a dangerous condition existed and that Supervalu had "actual or constructive knowledge of the dangerous condition and that the knowledge was gained in sufficient time to have given [Supervalu] the opportunity to remove it or to warn the invitee." Joseph v. Bozzuto Management Co., 918 A.2d 1230, 1235 (Md. Ct. Spec. App. 2007) (internal quotation marks omitted). In the alternative, Dr. Garner may show that Supervalu created the dangerous condition. Moulden v. Greenbelt Consumer Services, Inc., 210 A.2d 724, 726 (Md. 1965). Under Maryland law, "no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store." Rawls v. Hotchschild, Kohn & Co., 113 A.2d 405, 408 (Md. 1955). Thus, the "burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." Lexington Market Authority v. Zappala, 197 A.2d 147, 148 (Md. 1964).

In this case, we agree with the district court that Dr. Garner cannot show that Supervalu should have known that the mat was curled up in a dangerous fashion at the time of her fall or that Supervalu created the danger by using an improperly fastened and old carpeted mat. First, Dr. Garner failed to produce any evidence that Supervalu was aware or should have been aware that the mat was in a dangerous position. Dr. Garner

5

testified during her deposition that, prior to her fall, she did not see the mat. After she fell, she looked and saw that the mat was curled up in the air. No other testimony established that the mat was curled prior to her fall and neither her cousin nor the good Samaritan saw the mat prior to Dr. Garner's fall. As Supervalu notes, given this dearth of testimony, it is just as likely that the mat became curled after Dr. Garner fell as opposed to causing her fall. And, because it is Dr. Garner's burden to show that the mat was curled up and that Supervalu knew of the danger, summary judgment is appropriate. As the Court of Special Appeals explained in a factually analogous case, "[t]he only evidence appellant presented that was not conjecture was that she fell on the carpet. Whether the carpet was turned up prior to her fall and if so, the length of time it was turned up, were matters of mere speculation." Carter v. Shoppers Food Warehouse Corp., 727 A.2d 958, 967 (Md. Ct. Spec. App. 1999).

Second, Dr. Garner failed to provide any expert testimony or other evidence of trade usage or custom that Supervalu created a dangerous condition by using loose carpeted floor mats. In Carter, the Court of Special Appeals affirmed the trial court's rejection of expert testimony that the carpet was turned up prior to the plaintiff's fall because the floor mat's thickness was substandard and caused a tripping hazard.

6

<u>Carter</u>, 727 A.2d at 963-64. The court noted that the expert was unable to point to any industry standard and performed no testing on the carpet in question. <u>Id.</u> Likewise, as the district court summarized, Dr. Garner "has not presented any expert testimony or other evidence that Defendant's use of this particular mat created a dangerous condition. [Dr. Garner] has also failed to direct the court's attention to any law, regulation, or safety standard which [Supervalu] violated by using the mat." Dr. Garner's position is essentially that, because she fell on the mat, it follows that the mat was dangerous. Without any supporting evidence, however, that conclusion is merely speculation.

Accordingly, we affirm the district court's grant of summary judgment to Supervalu. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7