THE CITY OF DENVER v. HUBBARD.

| 29 | 529 |
| 30 | 360 |

1.  CITIES AND TOWNS—DEFECTIVE SIDEWALKS—NEGLIGENCE—IN-STRUCTIONS.

In an action against a city for damage for injuries caused by falling on the sidewalk, where the evidence showed the defect to be slight, it was error to refuse to instruct the jury at request of defendant that to hold defendant liable the defect causing the injury must be such as would justify one in reasonably anticipating an accident therefrom.

2.  SAME.

In an action against a city for damage for injuries caused by falling on the sidewalk where the evidence showed that at the time of the accident the sidewalk at the place of the accident was slippery from melting snow and ice and the accident occurred in daylight, the jury should have been instructed that under such condition of increased danger there was imposed upon plaintiff an increased degree of care, and it was error to refuse such an instruction requested by defendant.

*Appeal from the District Court of Arapahoe County.*

Mr. H. M. ORAHOOD and Mr. N. B. BACHTELL for appellant.

Messrs. THOMAS, BRYANT & LEE for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

This action is brought against the city of Denver for damages. The appellee slipped and fell on the sidewalk, receiving serious injury as the result of the fall. The sidewalk in question is on the south-easterly side of Larimer street near the Larimer street bridge over Cherry creek, and the defective portion thereof is directly in front of the room and doorway designated as No. 1326 Larimer street. In the notice served upon the then mayor of Denver,

34

the condition of the sidewalk is described as follows: "From the southwesterly end of the footway of the Larimer street bridge the sidewalk slopes downward at a considerable angle to the point where the accident occurred, in front of said No. 1326. The sidewalk at the place where the accident occurred is considerably below the grade of the street there, and the upper surface of the curbstone and the surface of the sidewalk at that place is broken and uneven; some of the flags have sunk to such an extent as to expose the edges of the others adjoining, in one or two instances more than to the extent of the full thickness of the flags, the edges of which are exposed, making a very rough, uneven and broken surface."

"A day or two before the accident there had been quite a heavy fall of snow, and, although the snow had been removed from that portion of the sidewalk where the accident happened, yet in consequence of the melting of the snow which had been allowed to remain on the higher surface about the depression in the sidewalk, water had run over that part of the sidewalk where the accident occurred as well as over that portion thereof extending from the footway of the Larimer street bridge to the place where the accident occurred, and at the present time I am inclined to believe had frozen somewhat upon the sidewalk. In any event, those parts of the sidewalk referred to were at the time this accident occurred quite slippery and unsafe. Mrs. Hubbard's fall was occasioned by the defective condition of the sidewalk at the place named. From the nature of her injury we may reasonably conclude that her spine came in contact with the sharp edge of a flagstone projecting above its neighbor."

Instruction No. 4 given by the court is as follows: "If you find from the evidence that the plaintiff at the time of the happening of the injury complained of (if you find such injury) was using ordinary care and diligence, and was injured by a defect in a public sidewalk of the defendant city of which the defendant had, or ought to have had, notice, although the dangerous condition of such sidewalk may have been increased by the presence of melting snow or running water thereon, still, if such accident would not have happened but for the defective condition of the sidewalk, then the city is liable for the injuries sustained by the plaintiff in consequence of such defective condition."

The following was offered by the defendant, as instruction No. 16, and refused: "The city is not an insurer against accidents in its streets or on the sidewalks. The law does not prescribe a measure of duty so impossible of fulfilment or a rule of liability so unjust and severe. It imposes upon the municipal corporation the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence; and when an accident happens by reason of some slight defect, from which danger was not reasonably to be anticipated, and which according to common experience was not likely to happen, it is not chargeable with negligence. If you find from the evidence that the defect in the sidewalk was not of such a character as would justify one in reasonably anticipating that the accident would happen thereby, your verdict must be for the city."

The following instruction, as No. 17, was offered and refused: "The court instructs the jury that it is not the duty of the city to keep its streets or side-

walks in perfect order or in such condition as to in-
sure absolute safety to those who walk over them,
and that the degree of care which is required of per-
sons walking on the sidewalks depends to some ex-
tent upon the conditions of the weather at the time;
and if you believe from the evidence that at the time
of the alleged .accident in this case, water from melt-
ing snow was running upon the sidewalks, and that
such condition was known to the plaintiff, or was so
plainly evident that she must have seen it if she had
been using ordinary care, then such condition of af-
fairs imposes upon the plaintiff an increased degree of
care, and unless you believe from the evidence that
she was exercising such care, your verdict should be
for the defendant."

The trial resulted in a verdict in favor of the plain-
tiff for the sum of five thousand dollars, and judg-
ment was entered in favor of the plaintiff for the sum
of five thousand dollars. From this judgment the
defendant appeals.

Although the instructions given are perhaps open
to the criticism that they are incomplete and incon-
sistent, we shall consider only the assignments of
error upon the refusing to give instructions 16 and
17, mentioned herein.

We are of opinion that the court erred in refusing
to give the substance of request No. 16. The de-
fect such as described in the notice given to the
mayor was a slight defect, and we think the city
should not be held liable for defects of this character
except upon the finding of a jury that the defect was
such as would justify one in reasonably anticipating
an accident therefrom. Even if we concede that
much of the language employed in the instruction is
argumentative, the substance of the instructions is

correct and should have been given.   The language of the instruction was used by the court of appeals of the state of New York in *Beltz v. City of Yonkers,* 148 N. Y. 67.   In the case of *City v. Hyatt,* 28 Colo. 129, Mr. Justice Gabbert, speaking for the court, said:   "It is not every defect in a sidewalk which can be made the basis of an action for an injury occasioned by an accident resulting therefrom.   The defect must be such that a reasonably prudent person would anticipate danger from its existence.   Its character must be determined, in this respect, like any other question of negligence.   If it is of such a nature that different minds might honestly draw different conclusions as to its liability to cause an accident, and the dangers which might reasonably be anticipated from its existence, the question of whether or not it is negligence for a municipality to not repair or remove such a defect is a question which should be left to the jury;" citing the case of *Beltz v. City of Yonkers,* above.

We are of opinion that the defect shown to have existed was a defect about which "different minds might honestly draw different conclusions as to its liability to cause an accident, and the danger which might reasonably be anticipated from its existence," and that the question should have been submitted to the jury by a proper instruction.

We are also of opinion that the court erred in refusing to give the instruction requested in reference to the exercise of greater care under the conditions shown to have existed.   The court in instruction No. 4 did not discriminate between the degree of care required under ordinary circumstances and under conditions of increased danger; and this court has announced that in cases where the sidewalk is slippery

by reason of being covered with snow or ice, more than ordinary care is required of the pedestrian, and that unless greater care is exercised the city is not liable. In the case of *Boulder v. Niles*, 9 Colo. 415, this rule was announced: "Upon persons using the sidewalks the duty imposed is that of ordinary care. Under conditions of increased danger there is imposed a duty of increased care. These are general principles, to be understood and applied in the light of the circumstances of each particular case." And quoted, with approval, the following from Dillon on Municipal Corporations, § 1006: "Where there is snow upon a sidewalk, and it is rendered slippery, there is danger from slipping and falling, even on the best constructed walks, at such times there is imposed upon foot travelers the necessity of exercising increased care; and, where the city uses reasonable diligence, it will not be liable."

The testimony shows that the plaintiff had been living in the building in front of which this sidewalk existed, for several months prior to the accident; that she was familiar with the condition of the sidewalk; that the defect in the sidewalk was about the middle thereof; that there was a way on either side of the defect for pedestrians; that the accident occurred about midday; that there was melting snow and ice upon the sidewalk; and we think the court should have instructed the jury that the plaintiff was required to exercise increased care, and that when the court failed to so instruct the jury, it relieved the appellee of a burden which, in this jurisdiction, she must assume.

For the reasons assigned, the judgment will be reversed.

*Reversed.*