[No. 31549. *En Banc.* June 28, 1951.]

MORRIS T. MATHIS et al., *Appellants*, v. H. S. KRESS COMPANY, *Respondent.*[1]

[1]Reported in 232 P. (2d) 921.

*Maslan, Maslan & Hanan,* for appellants.

*Eggerman, Rosling & Williams* and *Joseph J. Lanza,* for respondent.

MALLERY, J.—On August 17, 1948, the plaintiff Hazel Mathis was shopping in the defendant's Seattle store at Third avenue and Pike street. She was inspecting several items at the cosmetics counter, which was divided into compartments by low glass partitions. Facing the counter, plaintiff picked up some toilet tissue and then moved to her right to purchase some nail polish remover. She desired to make a further purchase of nail polish, so turned to her left and stepped behind the floor girl, who at that time was facing the counter. As she did so, she slipped and fell, cutting her arm on a glass partition, which broke as she threw out her right arm in an attempt to save herself.

Plaintiffs brought this action to recover damages for the injuries sustained, alleging that the defendant had negligently allowed a certain liquid to accumulate on the floor before the cosmetics counter, thereby causing plaintiff to slip and fall. At the trial, no evidence was introduced by plaintiff showing what the liquid was, how it came to be on the floor, or how long it had been there. The defendant denied that there was any liquid on the floor at the time of the accident. At end of the plaintiffs' evidence, the defendant moved for a nonsuit and judgment of dismissal. The motion was denied. At the close of the case, the defendant moved for a directed verdict, which was denied. The jury returned a verdict in favor of the plaintiffs. Defendant then moved for a judgment n. o. v. or, in the alternative, for a new trial. The court entered a judgment n. o. v. in favor of the defendant, and the plaintiffs appeal.

This appeal, since it is not contended that the respondent

had actual notice of the liquid on the floor, presents the single question: Was there any evidence from which it could be inferred that the respondent was put upon constructive notice that the dangerous condition existed?

On a motion for judgment n o. v., the court is bound to consider the evidence, and the inferences to be drawn therefrom, from the standpoint most favorable to the appellant. *Witte v. Whitney*, 37 Wn. (2d) 865, 226 P. (2d) 900; *Baker v. Mutual Life Ins. Co. of New York*, 32 Wn. (2d) 340, 201 P. (2d) 893.

It is the well-established rule that, where the negligence of a storekeeper is predicated upon his failure to keep his premises in a reasonably safe condition, it must be shown that the condition has either been brought to his attention, or has existed for such time as would have afforded him sufficient opportunity, in the exercise of reasonable care, to have become cognizant of and to have removed the danger. *Smith v. Manning's, Inc.*, 13 Wn. (2d) 573, 126 P. (2d) 44; *Wiard v. Market Operating Corp.*, 178 Wash. 265, 34 P. (2d) 875. It is incumbent upon the appellant to produce evidence tending to prove that the respondent had constructive notice of the dangerous condition. See *Kennett v. Federici*, 200 Wash. 156, 93 P. (2d) 333. Liability cannot be predicated upon conjecture.

Assuming, as we must, that the liquid was on the floor, and that an employee of the respondent was a few feet away, this alone does not prove negligence, since there is an absence of proof as to how long it was there. *Kroger Grocery & Baking Co. v. Spillman*, 279 Ky. 366, 130 S. W. (2d) 786. The floor girl, Mary Fasevich, testified there was no liquid on the floor, so we are not presented with the question of whether or not notice to her was notice to her employer, the respondent. The liquid could have fallen on the floor immediately preceding the accident, and at least some appreciable time must have been shown to have elapsed before constructive notice can be inferred. Appellant produced no such evidence to take the case to the jury.

The judgment is affirmed.

ALL CONCUR.