No. 17,532.

F. W. Woolworth Company *v*. Edna H. Peet.

(284 P. [2d] 659)

Decided June 6, 1955.

Messrs. Wood & Ris, for plaintiff in error.

Mr. Ivor O. Wingren, Mr. Henry Lutz, Mr. Charles A. Murdock, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

This malodorous case should have ended at the close of plaintiff's evidence, because plaintiff wholly failed to meet the burden of proof to sustain the allegations of her complaint.

Defendant in error, as plaintiff, filed her complaint on April 20, 1953, seeking damages for personal injuries sustained by her on March 17, 1953, at the F. W. Woolworth Company store in Denver, Colorado. She alleged that while, as a customer, she was shopping in defendant's store, she fell as the result of an unsafe and dangerous condition in which the floor was negligently kept and maintained; and particularly, that an unsafe condition was caused by defendant permitting human or animal excrement to remain on the floor in one of the aisles of the store *after knowledge* of the fact that the condition existed.

Defendant answered, admitting the incident as alleged by plaintiff; denied that it was negligent; denied that plaintiff was damaged in the amount prayed for; and as a further defense, alleged that plaintiff's injuries, if any, were caused by her own negligence. After a trial to a jury in May of 1954, a verdict in plaintiff's favor assessing damages in the amount of $1,300.00 was returned. Motions for judgment notwithstanding the verdict and for a new trial were filed and overruled, and error is assigned to the judgment based thereon.

Plaintiff in error presents a fair and sufficient statement of the case by relating only the facts material to a decision of the case in accordance with Rule 115 (a) R.C.P. Colo. The writ of error involves only one issue,

namely, whether or not plaintiff's evidence relating to the negligence of defendant was sufficient to authorize the submission of the case to a jury. Plaintiff's counsel state that the statement of the case in the opening brief was not complete and set forth a supplementary statement which is a summary of the evidence relating to her injuries and damage. This phase of the case is not here presented or urged by plaintiff in error.

The testimony of plaintiff was to the effect that she entered defendant's store at about 5 o'clock P.M., or near closing time, to purchase a pocket comb; that she went down the aisle toward the counter on which was the article she wanted to purchase; that she was looking at the counter, was not watching the floor, and stepped on something, slipped and fell; that the assistant manager came to her immediately and told her not to try to get up; and she says the manager asked the clerks at the counter why they did not have someone standing there; that the clerk replied she did not know anything about it; and another clerk said someone had gone to get the porter; that after she fell plaintiff discovered she had fallen in some excrement, but did not know whether it was animal or human; and that she then was sent to a hospital in an ambulance. On cross-examination plaintiff further stated that she had not observed the floor at any time after entering the store and did not see the excrement on the floor prior to the time she fell; that she did not know how long it had been there or how it happened to be on the floor; and that she did not know, before she fell, whether any of the employees of the store knew that it was there.

Plaintiff called as a witness in her behalf, Ethel Nidey, one of defendant's floor supervisors, who testified that she was on the floor; had been at the point where the accident happened five minutes before; that she saw nothing on the floor; and when there, had inspected the floor, because she was attending to a display of combs at the counter; and she further stated that if the matter

had been there, she would have fallen herself. The excrement was about one foot away from the counter, and the witness was able to cover it with a small piece of paper. She further testified that she had not seen any dogs in the store on that day, and that dogs were not permitted in the store.

This, in substance, was plaintiff's case as made by herself and one witness, and on resting her case, counsel for defendant corporation moved for a directed verdict on the ground that plaintiff had failed to offer *any* evidence to establish negligence on the part of defendant; which motion was denied by the court. Then followed defendant's evidence.

The first witness for defendant, Harvey, a porter at the store, testified that he was working in the store on that day; that he had received a call to clean up a mess in which a lady had fallen; that he had been over the exact area a few minutes before receiving the call and had not noticed anything on the floor; and that on getting the call, he immediately went down and cleaned up the mess.

Kelly, assistant manager of defendant company, testified that he first saw plaintiff lying on the floor about twenty feet away; that he rushed to her side; that just at that moment Mrs. Nidey came up; that he asked her if she knew the matter was on the floor, receiving "No," as an answer; that he had been over that part of the store four or five minutes before he saw plaintiff and had not noticed anything on the floor at that time. On cross-examination he said that he recognized the substance on the floor as excrement, but could not say exactly what kind it was.

Lillian Stecklein, a former employee of the defendant company, testified that she was employed at the store on the date involved and was working at the comb counter, identified as counter No. 5; that she saw plaintiff lying on the floor in front of her counter, ran around to go to her just as Mr. Kelly, the assistant manager, arrived;

that approximately five minutes before the incident she had been out in front of her counter and the excrement was not there at that time. This concluded the testimony and evidence of defendant, and its counsel again moved for a directed verdict, but the motion was denied. The matter was submitted to the jury which returned its verdict in plaintiff's favor, which, as herein before stated, was in the sum of $1,300.00.

The only question presented and argued by counsel for plaintiff in error was whether the trial court erred in failing to direct a verdict for defendant and failing to set the returned verdict aside and entering judgment for defendant. The grounds of these motions were that plaintiff absolutely failed to offer any evidence to establish negligence on the part of defendant which was the proximate cause of her injury.

There is no dispute about the fact that the excrement was on the floor, whether it was from an ill-mannered dog or an unfortunate human, nobody has the answer. It is clear from plaintiff's own testimony that she paid no attention to the condition of the floor or where she was walking, but was more concerned with the displays on the counter than with using ordinary care to see what, if anything, she was walking into. Defendant, as a store operator, was obligated to use ordinary care to keep the floors used by customers in a reasonably safe condition, and the existence of some excrement on which a customer fell sustaining injury, presents no liability unless the proprietor or those charged with the care of such places knew, or reasonably should have known, of the presence of the condition in time to prevent an accident, or warn of the danger.

According to plaintiff's testimony, one clerk stated to the assistant manager that a porter had been called. It seems quite apparent from a reading of the testimony that this call was made after plaintiff had fallen; however, plaintiff seems to hold and believe that the porter had been called before she fell. This presents a

16

choice of equal probabilities and nothing more. Accepting plaintiff's contention that the porter had been called before she fell, it defeats her claim of liability on the part of defendant, because it definitely shows that such call would have been immediately before she fell, which did not in the slightest establish the fact that an unreasonable period of time had elapsed between the time defendant knew of the condition and the time of plaintiff's fall. In fact, the question of how long the matter had been on the floor was not otherwise touched upon by plaintiff's evidence; therefore there is not a scintilla of evidence that would indicate that it had been on the floor for any definite period of time, and unless there is basis for an inference otherwise, negligence could not be attributed to defendant. The porter testified that he was notified of the condition immediately after plaintiff fell, and not before. All of defendant's evidence is to the effect that several employees located on that floor, and some of them charged with the duty of looking after the floors and aisles, testified that they had been over, or had noticed this particular area within a few minutes prior to plaintiff's fall and observed nothing on the floor. To infer that because the substance was found after the fall, and that it was there for an unreasonable time before, is an unsound inference.

About all that plaintiff seemed to have to rely upon was the happening of the accident, and that, by virtue of this happening, defendant was negligent. If she is to be supported in this contention, in the total absence of any evidence disclosing liability on the part of defendant, then we would be holding defendant to be an insurer of the safety of all its customers entering the store. Plaintiff's case in chief discloses no evidence concerning knowledge on the part of defendant, or that an unreasonable time had lapsed in which the condition could have been discovered and rectified.

This being the true status of the evidence in the case, reasonable-minded persons could not differ as to

the exact situation; therefore there was no issue for a jury's determination; and the court should have sustained the motion for a directed verdict in defendant's favor at the close of plaintiff's case, and particularly after the introduction of evidence had been concluded.

There are some amusing contentions in plaintiff's answer brief to the effect that the employees should have been at attention to observe the event whereby the excrement was placed on the floor and in support of this contention, it is said that the failure to observe such an unidentified act *suggests negligence,* and it further is stated that none of the employees was sufficiently observing to have witnessed the act taking place.

The trial court erred in failing to grant the motions of defendant's counsel for a directed verdict; therefore the judgment entered on the verdict should be, and hereby is, reversed, and the cause remanded with directions to dismiss the complaint.

MR. JUSTICE MOORE did not participate in the consideration of this case.