Elva ALVEY, Plaintiff-Respondent,

v.

SEARS, ROEBUCK AND COMPANY,
a Corporation, Defendant-Appellant.

No. 23285.

Kansas City Court of Appeals.

Missouri.

April 3, 1961.

William A. Rundle, Jr., Morrison, Hecker, Buck & Cozad, Kansas City, for appellant.

Arthur C. Popham, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

This is an action for damages for personal injuries. Plaintiff had a verdict and judgment in the sum of $7,400. Defendant has appealed.

The facts in brief form as developed by plaintiff's evidence are as follows: On December 17, 1956, plaintiff, then 49 years of age, in company with her 19 year old son, Ernest, visited defendant's store at 1500 Cleveland, Kansas City, Missouri. Arm-in-arm they walked along an aisle in the store which was 5½ to 6 feet wide, with a level wooden floor. The aisle was bordered by display counters containing consumer items for sale. A man preceded plaintiff and her son down the aisle at a distance of 15 to "about 20 feet". Plaintiff's son later identified this man as Eugene Tallant, an assistant manager of the auto accessory department. As opposed to this identification by the son, Mr. Tallant testified that at the time in question he was in his department waiting on a customer, but was not in the aisle.

Plaintiff and her son had walked approximately 15 to 20 feet down the aisle when plaintiff felt something roll under her foot and she fell on her face and stomach. Between 1 and 5 minutes after plaintiff fell, and while she was still on the floor, an unidentified man came up and handed a small, round, red object to plaintiff's son, saying: "That is what she fell on." The object is a plastic cap to a pen or pencil. It is about 1½ inches in length and ¼ of an inch in diameter. It was admitted in evidence over defendant's objection as Plaintiff's Exhibit 1, and is before us. Neither plaintiff nor her son had seen any object on the floor, and neither had seen this particular article before. The only reason plaintiff had for believing she fell or slipped on this object was because of the statement made by the unidentified person who handed it to her son.

Neither plaintiff nor her son knew how long this object had been on the floor, ever saw it on the floor or knew how it came to be on the floor. No other evidence on behalf of plaintiff was produced on these points. At the time of the occurrence the premises were open to the public and, according to plaintiff, there were "quite a few" other people in the store.

The case was submitted to the jury on the theory that a small, round piece of plastic, introduced into evidence by plaintiff as her Exhibit 1, was present on the floor of defendant's premises where plaintiff was walking as a customer and was the cause of her fall and that defendant knew "or by the exercise of ordinary care could and would have timely known of the presence and location of said object on said floor" in time for it to have removed the object or warned plaintiff of its presence. It is the contention of the defendant that there was an utter failure of proof of such knowledge on its part and that absent such knowledge, the necessary elements of a case of liability against it were not made out and a defendant's verdict should have been directed.

It has long been established in this jurisdiction that the proprietor of a store is not an insurer of the safety of his customers. He is liable only if he knew or in the exercise of ordinary care should have known, of the existence of the perilous defect, which was unknown to the customer, in time for him to have corrected the condition or have removed the perilous defect. This is most clearly stated by the St. Louis Court of Appeals in Uelentrup v. Switzerland Stores, Inc., Mo.App., 164 S.W.2d 650 at page 651: "The law is well settled that a merchant or storekeeper is not an insurer of the safety of customers invited to his store, nor does his duty to customers rest upon the same basis as that of a master to a servant or of common carriers to passengers. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' * * *".

Again in Lance v. Van Winkle et al., 358 Mo. 143, 213 S.W.2d 401, 402, 404, it is stated: "The rule is well settled that a customer who is injured by slipping upon some foreign substance at a store has the burden of producing evidence showing the presence of the foreign substance for a sufficient length of time to give notice of its presence to the storekeeper. * * *". And later in the opinion went on to say: "Thus it is clear that plaintiff has not sustained the burden of affirmatively showing the length of time the unsafe condition had existed. *The evidence leaves that factor which is vital to plaintiff's case wholly to conjecture.* Therefore plaintiff may not recover on the ground of constructive notice." (Emphasis supplied.)

In Robinson v. Great Atlantic & Pacific Tea Company, 347 Mo. 421, 147 S.W.2d 648, 649, it is said: "* * * 'The applicable law, as announced by the courts of this

state, is that a storekeeper is not liable to his invitee for injury resulting from a dangerous and unsafe condition of the store *unless it is shown that the storekeeper had knowledge, actual or constructive, of such condition in time* by the exercise of ordinary care *to have remedied the condition* before the occurrence of the injury. * * * ' ". (Court's emphasis.)

The same principles have been pronounced in the cases of Mullen v. Sensenbrenner Mercantile Co., Mo., 260 S.W. 982, 33 A.L.R. 176; Stoll v. First National Bank of Independence, 345 Mo. 582, 134 S.W.2d 97; Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369, to name but a few.

■ In the case at bar the record is devoid of any evidence as to when the object came to be on the floor or how it got there or that defendant ever knew it was there. Plaintiff herself admits that she did not know what the object was, how it got there or how long it had been there and her son was not able to help out in these respects in his testimony.

In opposition to defendant's contention that its motion for a directed verdict at the close of plaintiff's case should have been sustained it is the argument of plaintiff that notice to defendant had been proved by plaintiff's evidence to the effect that the assistant manager of the auto accessory department, Eugene Tallant, had preceded her down the aisle in question and should have seen and removed the object before plaintiff fell on it. This is plaintiff's sole ground for arguing the requisite question of notice to defendant and this argument at best ignores a fundamental factor precedent to liability, namely, *there is no showing in any of the testimony that the object of which plaintiff complains was present on the floor as Eugene Tallant walked by.*

In the above-cited case of Lance v. Van Winkle et al., it was there argued by the plaintiff that the defendant store was charged with notice of the presence of an ice cream cone on the floor because defendant's porter, whose duty it was to inspect and clean the floor, had passed over the place in question a few minutes before plaintiff fell. In rejecting this theory, Judge Douglas stated: " * * * He testified that he had looked but had seen no foreign matter. Therefore, says plaintiff, he is charged with actual notice of that which would be revealed by looking. But that conclusion could follow only where the physical facts show an object was actually present subject to view. Such is not the situation here. The physical facts do show the store had a vestibule, and there was a step from the vestibule to the sidewalk, but the physical facts do not show the presence of any foreign matter on the steps. This is the basic issue of fact in the case. * * * "

The appellate courts of other jurisdictions have been confronted with and rejected similar arguments. F. W. Woolworth Company v. Peet, 1955, 132 Colo. 11, 284 P.2d 659, involved a fall in the defendant's store by a customer over some excrement in one of the aisles. One of the floor supervisors of the defendant's store testified that she was on the floor and had been at the point where the accident happened five minutes before and had seen nothing on the floor. She had inspected the floor when she was there. The assistant store manager testified that he had been over that part of the store four or five minutes before he saw plaintiff and had not noticed anything on the floor at that time. The Supreme Court of Colorado, in ruling that the trial judge should have directed a verdict for defendant at the close of plaintiff's case, said 284 P.2d at page 661: " * * * All of defendant's evidence is to the effect that several employees located on that floor, and some of them charged with the duty of looking after the floors and aisles, testified that they had been over, or had noticed this particular area within a few minutes prior to plaintiff's fall and observed nothing on the floor. *To infer that because the substance was found after the fall, and that it was there for an unreasonable time before, is an unsound inference.*" (Emphasis supplied.)

Other cases in point from foreign jurisdictions are—Girvetz v. Boys' Market, Inc., 91 Cal.App.2d 827, 206 P.2d 6; Mathis v. H. S. Kress Co., 38 Wash.2d 845, 232 P.2d 921; Orum v. Safeway Stores, Inc., D.C. Mun.App., 138 A.2d 665; Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262; Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786; Safeway Stores, Inc. of Texas v. Miller, Tex.Civ. App., 110 S.W.2d 927, and H. L. Green Company, Inc. v. Bowen, 4 Cir., 223 F.2d 523.

 As we have stated, the evidence is absolutely devoid of any evidence whatsoever that the small object was on the floor when the witness Tallant preceded plaintiff down the aisle 15 or 20 feet ahead of her. To infer that it was also on the floor when Tallant passed ahead of plaintiff would be to predicate an inference on mere speculation. It is just as logical to assume that the object was caused to roll to or was inadvertently placed in that location by other means after Tallant passed by and before plaintiff reached the place where she fell, particularly in view of the fact that plaintiff testified there were "quite a few" other patrons present on that floor. It could have been dropped by the man who made the statement, "That is what she fell on".

Plaintiff cites the cases of Lewis v. National Bellas Hess, Inc., Mo.App., 152 S.W. 2d 674; Maybee v. Missouri Orpheum Corp., 238 Mo.App. 537, 181 S.W.2d 771; Stewart v. George B. Peck Co., 234 Mo. App. 864, 135 S.W.2d 405, and Borowski v. Loose-Wiles Biscuit Co., Mo.App., 229 S.W. 424. These cases do not aid her. The Lewis, Maybee and Stewart cases involve not foreign objects, but rather conditions of the premises themselves completely within defendant's control. The condition complained of in the Borowski case was caused by the defendant itself.

An examination of the authorities reveals no case which has held the storekeeper liable upon so slender a showing as is involved in the instant case.

Since we have determined this judgment must be reversed, it is unnecessary to decide whether or not the statement of the unidentified bystander, "That is what she fell on", was admissible as part of the res gestae exception to the hearsay rule.

The judgment is reversed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.