No. 21317.

ELTA L. MILLER *v.* CROWN MART, INC.

(425 P.2d 690)

Decided April 3, 1967.

LAURENCE A. ARDELL, for plaintiff in error.

PHELPS, FONDA, HAYS & WILLS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THIS is a personal injury action arising out of a slip and fall. Upon trial, a jury returned a verdict in favor of Mrs. Elta Miller and against Crown Mart, Inc., in the sum of $2,500. Upon motion, the trial court entered judgment in favor of the defendant, Crown Mart, Inc., notwithstanding the aforementioned verdict. By the present writ of error Mrs. Miller now seeks reversal of the judgment thus entered.

In a nutshell, the central issue is whether the plaintiff, Mrs. Miller, made a *prima facie* showing that the defendant, Crown Mart, Inc., had constructive notice that there was a handful of popcorn on its floor. In our view proof of this essential element is lacking. Hence, the action taken by the trial court in entering judgment for the defendant notwithstanding the jury's verdict is correct and the judgment should be upheld. This opinion might well end at this point. However, if our determination of this controversy is to have meaning, reference must be made to the facts.

Mrs. Miller, age 62, was a business-invitee in the defendant's self-service discount shopping store. The store proper has a total floor space of some 72,000 feet. While shopping in the "clothing area" in the store, Mrs. Miller testified that she slipped and fell to the floor as the result of stepping on some unpopped popcorn which she failed to see until after her fall, because the popcorn was in the "shadow" of a merchandising table.

There is no evidence that any of the defendant's employees dropped this popcorn on the floor, or that any of them had *actual* notice of any popcorn being on the floor of the store. As a matter of fact, though this is admittedly beside the precise point with which we are here concerned, several of the defendant's employees testified that not only did they *not* see any popcorn on the floor at any time *before* the fall, but that when they hurried to attend Mrs. Miller upon her fall, they did not see any popcorn *even then*!

Assuming however, as we must, that there was popcorn on the floor, just who placed it there remains unknown. In this regard there was some evidence that as Mrs. Miller entered the store she noticed a mother with several small children exiting therefrom, and one or more of the children was observed holding a bag of popcorn. Whether one of them had previously spilled popcorn on the floor is not known.

Be that as it may, the plaintiff contends that even

though she perhaps did not prove that any of the defendant's employees had *actual* notice, she argues that nevertheless she did make a *prima facie* showing that the defendant had *constructive* notice of the popcorn on the floor. In thus asserting, plaintiff relies primarily on the following:

(1) the testimony of the plaintiff that for a period of three to four minutes immediately prior to her fall she had occasion to observe the general area where she subsequently fell, and that for this period of time no person was observed in that particular area;

(2) her testimony that after her fall she looked at the popcorn and that the popcorn appeared to her to have been previously "walked in"; and

(3) her testimony that an employee of the defendant, who was some 10 to 14 feet away and who — while moving shopping baskets — was looking more or less in an opposite direction from the spot where she fell, nevertheless *could* have espied, if he had looked in the proper direction, the popcorn, even though she did not, because his would have been a preferred line of vision.

The law on this particular subject of constructive notice is well-defined and in the instant case there is little dispute as to the applicable legal principles. The difficulty arises when these legal principles are sought to be applied to a particular factual situation.

A shopkeeper is not liable to his business invitee unless, among other things, he "knew or reasonably should have known, of the presence of the condition in time to prevent the accident, or warn of the danger." *Woolworth v. Peet*, 132 Colo. 11, 284 P.2d 659. See also *Sniezek v. Cimino*, 146 Colo. 119, 360 P.2d 813 and *King Soopers, Inc. v. Mitchell*, 140 Colo. 119, 342 P.2d 1006. The negligence of the shopkeeper occurs when, after notice, be it actual or constructive, he thereafter fails to correct the condition or warn of its existence.

Also, it has been said that though the length of

time a dangerous condition must exist before the owner of the premises is to be charged with constructive knowledge of its existence varies according to the circumstances of the case, nevertheless the length of time for which the condition has existed is still one of the "most important" factors to be considered in connection with the question of constructive notice. 65 C.J.S. 770-776.

However, the length of time for which the condition has existed, though important, is not the *only* factor to be considered. In other words, this is not an issue which can be resolved *solely* on the basis of a stop watch reading, and on the contrary can only be resolved after a consideration of *all* the facts and circumstances of the case at hand. In *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 113 A.2d 405 the Court of Appeals of Maryland declared as follows:

"How long a storekeeper may fail to find or correct a dangerous condition on a floor or stairway in his store without being liable to a customer for injuries resulting therefrom depends upon the facts and circumstances in each particular case. The question requires a consideration of the nature of the condition, its foreseeable consequences, the means and opportunities of discovering it, the diligence required to discover and correct it, and the foresight which a person of ordinary prudence would have exercised under similar circumstances.

"Where it might reasonably be decided that the storekeeper could have discovered the dangerous condition by the exercise of reasonable care, the case should be submitted to the jury. . . . . *But where no inference could reasonably be drawn that the storekeeper could have discovered the condition by the exercise of reasonable care, the court should decide the case as a matter of law.*" (Emphasis added.)

Application of these general principles leads us to the conclusion that as a matter of law Mrs. Miller failed to prove that by the exercise of reasonable care Crown Mart, Inc. could have discovered the popcorn

on its floor and could have cleaned it up before Mrs. Miller's unfortunate fall. Mrs. Miller's testimony would indicate that the popcorn was perhaps on the floor for at least a period of three to four minutes before her fall. Counsel argues that the fact that Mrs. Miller also testified the popcorn looked like it had been "walked in" established, circumstantially, that the popcorn had been on the floor for an "additional substantial period of time." Such an inference in our view is unjustified. Accepting Mrs. Miller's testimony at face value, as we must, it is still uncertain as to whether the popcorn had been "walked in" by herself, or by the person who spilled it, or by some other person, conceivably during the minute immediately preceding the time when Mrs. Miller began to survey the scene, or possibly ten minutes before, or even an hour before. One guess would be as good as another. So, about all that Mrs. Miller's testimony established in this regard is that the popcorn was on the floor for something less than five minutes before her slip and fall.

Also, it should be remembered that the "dangerous" condition here involved is unpopped popcorn lying on the floor. Unpopped popcorn is not usually thought of as a particularly conspicuous thing. In fact it is relatively inconspicuous, both as to its size and color. It is quite true that there was also said to be in this particular spot some popped popcorn, as well. But as for quantity, all of it was only described as a "handful." Without belaboring the point by extending our comment on the evidence, we now conclude after careful consideration of *all* the facts and circumstances surrounding Mrs. Miller's fall that as a matter of law she did fail to establish, *prima facie*, constructive notice on the part of this defendant.

The only "popcorn" slip and fall case to which our attention has been directed is *H. L. Green, Inc. v. Bowen*, 223 F.2d 523. There the plaintiff established that the popcorn had been on the floor "for only a few minutes"

before her fall. In that case the United States Court of Appeals, Fourth Circuit, held that as a matter of law the plaintiff had failed to prove constructive notice on the part of the shopkeeper.

Cases from other jurisdictions which shed light on our problem are *Kroger Grocery & Baking Co. v. Spillman,* 279 Ky. 366, 130 S.W.2d 786; *Lance v. Van Winkle,* 358 Mo. 143, 213 S.W.2d 401; *McElroy v. S. S. Kresge Co.* 244 S.W.2d 425 (Mo. App.); *Varner v. Kroger Grocery & Baking Co.* 75 S.W.2d 585 (Mo. App.); *Taylor v. J. M. McDonald,* 156 Nebr. 437, 56 N.W.2d 610; and *Mathis v. H. S. Kress Co.* 38 Wash. 2d 845, 232 P.2d 921.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.