Neva I. SMITH, Appellee,

v.

MILL CREEK COURT, INC., Appellant.

No. 71–1195.

United States Court of Appeals, Tenth Circuit.

March 21, 1972.

Richard C. McLean, Sheldon, Bayer, McLean & Glasman, Denver, Colo., for appellant.

Virgil D. Dohe, of Corbridge & Dohe, Denver, Colo., for appellee.

Before HAMLEY *, SETH, and Mc-WILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This is an appeal by defendant-appellant, Mill Creek Court, Inc., from a judgment of the United States District Court for the District of Colorado entered on a jury verdict in a personal injury diversity suit.

The record shows that plaintiff had spent some forty-five minutes visiting shops in a shopping center of defendant at Vail, Colorado, during the winter. As she was leaving by a covered walkway, she slipped and fell, sustaining injuries which required medical attention. The walkway where she fell was owned and controlled by the defendant. From evidence presented at trial, there is little if any doubt that the accident was caused by plaintiff stepping on ice which had been covered by snow.

The defendant moved for dismissal at the close of the plaintiff's case on the ground that no notice to it of the condition of the walkway had been shown. The motion was denied, as was defendant's motions for directed verdict, judgment n. o. v., and for a new trial. The court also refused defendant's request to instruct the jury on contributory negligence and assumption of risk.

On this appeal the defendant questions the ruling of the trial court as to the standard of care owed to the plaintiff and the sufficiency of the evidence to show a breach of this duty. Defendant also challenges the trial court's refusal to instruct the jury on contributory negligence and assumption of risk.

The test for the sufficiency of the evidence in ruling on motions is a federal one in diversity cases such as this. Weeks v. Latter-Day Saints Hospital, 418 F.2d 1035 (10th Cir.); Kiner v. Northcutt, 424 F.2d 222 (10th Cir.). The standard is set out in the last cited case, and this court will not reverse the trial court's determination of the issue unless we can say the court was clearly wrong. Chicago, Rock Island & Pacific Ry. v. Howell, 401 F.2d 752 (10th Cir).

It is apparent that liability is dependent upon a showing that the defendant had either actual or constructive notice of the hazard which produced Mrs. Smith's injuries. Appellant urges that the trial record is completely devoid of any evidence upon which a finding of any notice could be based, and thus argues that its motions should have been granted.

Appellant relies strongly on Brent v. Bank of Aurora, 132 Colo. 577, 291 P.2d 391 (1955), as a statement of Colorado law on the notice issue. There the plaintiff slipped and fell on an icy parking lot. She presented no evidence to show when the ice had formed and how long it had been on the pavement prior to her injury. The defendant showed that no snow had fallen within eighteen hours of plaintiff's accident. The trial court dismissed the case because of plaintiff's inability to form a basis for jury determination that the condition had existed for any length of time. In Kanter v. City & County of Denver, 153 Colo. 389, 386 P.2d 349 (1963), the plaintiff slipped on an icy sidewalk and sued for her injuries. Evidence showed that there had been numerous snowfalls in Denver three weeks before the plaintiff's fall, but that on the day of the accident the sidewalk was generally clear and dry. The court affirmed the judgment of the trial court dismissing the claim on the ground that there was no evidence as to when or how the ice

* Of the Ninth Circuit, Sitting by Designation.

formed. Also see Miller v. Crown Mart, Inc., 162 Colo. 281, 425 P.2d 690 (1967).

In Miller, as in Brent and Kanter, it was held that no inference of notice, either actual or constructive, could be drawn from the evidence presented. Several related cases, most notably King Soopers, Inc. v. Mitchell, 140 Colo. 119, 342 P.2d 1006 (1959), are cited by the appellee as controlling the present case. In King Soopers, the plaintiff slipped and fell on a patch of ice in defendant's parking lot. The court held that there was no actual notice of the hazard by defendant, but it could still be held liable where there was evidence that there had been intermittent snow and freezing spells prior to the time of the injury. Distinguishing Brent, the Supreme Court said:

". . . But we agree with the conclusion of the trial court that that case is distinguished from the case at bar. The lack of evidence to form a basis for jury determination that the condition had existed for any length of time was there the determining factor. The Court pointed out that the burden was upon the plaintiff to establish that the condition complained of was present for a time of sufficient duration prior to the accident to enable a prudent man to discover and remedy it. Another distinguishing fact is the more hazardous condition apparent here, created by the snow covering the ice. Furthermore, the icy area in the present case sloped downward from the ridge so as to create a risk to a person carrying a sack of groceries. The additional fact that defendant here seemingly made no effort to clear the areas or to give warning convinces us that neither Brent v. Bank of Aurora, supra nor the decision of the Court in F. W. Woolworth Co. v. Peet, 132 Colo. 11, 284 P.2d 659 (which was relied on in the Brent case) are here applicable."

■ In the instant case, as in King Soopers, there was testimony at trial that the place where the plaintiff was walking when she fell was partially covered with snow and the ice on which plaintiff slipped · was snow-covered. Furthermore, there was testimony that appellant had not removed snow from the area. It can be seen that, on the facts, the instant case aligns more readily with King Soopers than with Brent. Appellant contends that Mrs. Smith should have presented evidence of the precise weather conditions in Vail on the day of the accident, including variations in temperatures, as did the plaintiff in King Soopers. Although the court in King Soopers did point out that freezing temperatures coming on the heels of a thaw form ice, and held the defendant knowledgeable of that fact, no more detailed showing than was here made is required. The cited case set out an example of one type of evidence from which actual or constructive notice of a hazardous condition may reasonably be inferred. That snow in itself is a recognized hazard is acknowledged in Gianarelli v. Safeway Stores, Inc., 157 Colo. 342, 402 P.2d 645 (1965). The timing of the snow, the prior snows, the generally icy conditions, and the accumulated snow in the town area at the time were all shown. This was sufficient.

■ The standard of care to which appellant is to be held is set down in Mile High Fence Co. v. Radovich, 489 P.2d 308 (1971). In Mile High, the court did away with the differing standards of care owed by landowners to invitees, licensees, and trespassers. The new rule in Colorado is that the "status or classification of one who is upon the property of another is not to be determinative of the occupant's responsibility or the degree of care which he owes to that person. Rather, the occupant, in the management of his property, should act as a reasonable man in view of the probability or foreseeability of injury to others."

■ We feel that it is reasonable to conclude, from the record referred to briefly above, that there was evidence from which the jury in the instant case

could find or infer a failure on the part of the defendant-appellant to remove a hazard which would foreseeably cause injury to another. See Denver Dry Goods Co. v. Gettman, 167 Colo. 539, 448 P.2d 954 (1969). It appears that the same conclusion would be reached under the former test where a landowner was held liable to a business visitor for harm caused by a hazardous condition on his premises if he knew or by the exercise of reasonable care could have discovered the condition, had no reason to believe the condition would be discovered by the visitor, and invited entry upon the premises without making the condition safe or giving a warning. See CeBuzz, Inc. v. Sniderman, 171 Colo. 246, 466 P.2d 457 (1970).

■ Appellant contends that the duty of reasonable care takes into account all of the surrounding circumstances, including climate, and that a landowner in a community such as Vail is not duty bound to remove all ice and snow which may form. Appellant cites no Colorado case law to support this contention and our research has not disclosed a decision to that effect. We have considered City of Denver v. Hubbard, 29 Colo. 529, 69 P. 508. Although it is possible that such a rule might evolve from the standard introduced in Mile High Fence Co. v. Radovich, 489 P.2d 308, considered above, federal courts are bound by the present state of the law in Colorado, as the trial court indicated.

The trial court's ruling on the several motions of defendant was thus correct.

Appellant urges that the trial court's refusal to instruct the jury on the defense of contributory negligence was error. In declining to give the instruction, the court said:

". . . From the evidence in the case there appears to be no basis in the evidence upon which the jury could find either contributory negligence or assumption of risk, and so because there is not a basis for such a finding, the Court has refused the tendered instructions relating to contributory negligence and assumption of risk."

■ The record shows that at the time of her fall the plaintiff was proceeding carefully, watching where she was stepping, had proper shoes, the light was good, and she suffered no infirmities. The ice upon which she slipped was covered with snow. It was, of course, a snowy area, and it had snowed earlier in the day. There was no evidence in the record to warrant the submission of the issue of contributory negligence to the jury. Her awareness of the snowy conditions on the walk was not sufficient.

■■ The evidence introduced must warrant the giving of an instruction, Bethel v. Thornbrough, 311 F.2d 201 (10th Cir.), and it is error to give an instruction in the absence of evidence on the issue. The granting or denial of instructions in diversity cases is tested under the federal laws and federal rules, Hopkins v. Metcalf, 435 F.2d 123 (10th Cir.), while of course the substance of instructions is determined by state law. There must be evidence which raises the issue as a real and substantial one; just a trace or innuendo is not a sufficient basis. As we said in F. W. Woolworth Co. v. Davis, 41 F.2d 342 (10th Cir.): "In the United States court, the rule is that there must be substantial evidence, as distinguished from a scintilla or modicum of evidence, to justify submission of a case to a jury." Citing Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597. Thus we must hold that the action of the trial court in its refusal to instruct on contributory negligence was not error.

Affirmed.