[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following two days of trial, the court finds for the plaintiff and enters judgment in the amount of $36,916.87.
It is undisputed that the plaintiff was in Sears Department Store shopping on December 31, 1988 at approximately 12:45 p.m. and that she fell on a brown piece of wood, 6" long by 1/2" thick, while she was walking down an aisle of the second floor of that store. It is further undisputed that she tripped and fell landing on her right knee causing injury to it. The medical bills resulting from the injury have been agreed to. CT Page 7822 What has been seriously contested are the following issues:
1. Liability: in specific whether the defendant had actual or constructive knowledge that the piece of wood was in the aisle and whether the defect was so open and obvious that the plaintiff should have seen it, and
2. Damages: in specific, the extent, if any, of lost wages resulting from the accident and the extent of pain and suffering incurred by the plaintiff.
With regard to liability, the plaintiff and her daughter, Mary Figueroa, both testified that immediately following Justina Mojica's fall, a saleslady from the jewelry department close by,[1] who had an unobstructed view of the accident locale, came running over to assist and immediately blurted out that earlier she had told "so and so" about the piece of wood in the aisle and to pick it up. Ms. Maldonado, the then head of security at Sears, testified that the wood had fallen out of a cart that was carrying debris, etc. The cart was being wheeled by a maintenance man, through the store on his way out the exit to the second floor of the Hi-Ho D'Addario Mall. He was not a Sears employee according to her testimony. No one was able to state whether he was the one to whom the jewelry salesperson complained or whether she had made the remark to a Sears' maintenance person. Nor had either party produced the saleslady in question. Ms. Mojica also testified that she did not see the wood before she tripped on it because she was busy looking at the racks of clothing, children's in specific.
The law of Connecticut is clear; in order to establish liability in a negligence case, the plaintiff must prove duty, breach thereof, causation and damages. Where a plaintiff maintains that she was injured as a result of a defect on the premises to which she was a business invitee, she must demonstrate that the proprietor had actual or constructive notice of the defect and failed to remedy the situation or warn her of its existence. Warren v. Stancliff, 157 Conn. 216, 219
(1968). If, however, the plaintiff knew of the defect or it was so open and obvious such that she'd be expected to discover it, then the defendant would have no duty to warn her of its existence. Id. at 220.
In her case in chief, Ms. Mojica, through her testimony and that of her daughter, produced sufficient and credible evidence to establish that a Sears' employee, the jewelry saleswoman, knew of the piece of wood. Whether she told a co-worker employed by the defendant of the problem or an employee of the mall (the maintenance man with the cart from which the wood allegedly dropped) does not relieve the defendant Sears of CT Page 7823 liability. Having found that an employee of the defendant had actual notice of the piece of wood, the court is not required to engage in a lengthy discourse about whether the defendant had sufficient procedures in place to detect dangerous conditions. See Safeway Stores, Inc. v. Lucas, 410 F.2d 603 (CA 10, 1969). Nor is it necessary to embark on any lengthy discourse about what amount of time was reasonable or necessary to restore the area to safety. The saleswoman certainly could have picked up this 6" piece of wood and tossed it in the garbage can as her co-worker did immediately after the accident. See e.g. Rackley v. Model Markets, Inc., 417 S.W.2d 89 (1967) (removal of a shoe). This was not a case of a substance that required any serious time or effort to clear.
The only issue that remains as to liability is whether or not the wood was so open and obvious as to relieve the defendant store of its duty to warn. Ms. Mojica was distracted for a legitimate reason — she was looking at the clothes on display. A patron invited into a store to shop is expected, invited and even encouraged to browse amongst the goods and focus on the merchandise; that is why they are there and it is the very foundation upon which the store is in business. Serean v. Schwegmann Bros. v. Giant Supermarkets, Inc., 405 So.2d 55 3 (1981). A store patron is not bound to see every hazard in her pathway, especially where the isle is open for walking and not stocked with goods itself and particularly when her attention is attracted by the intentional display of merchandise. Schuller v. Hy-Vee Food Stores, Inc., 328 N.W.2d 328 (1982).[2] The issue is whether the plaintiff failed to keep a proper lookout for her own safety. The question is not whether a reasonably prudent person would have seen the wood had she looked, but whether someone using ordinary care for her own safety under similar circumstances would have looked down at the floor. A store patron is not obligated to make specific observation of a floor before taking each step; while she might anticipate display racks protruding slightly into the aisle, she certainly has no reason to expect randomly placed debris on the floor. See Whitaker v. Schwegmann Bros. Giant Supermarket, Inc., 334 So.2d 756
(1976).
Having found the defendant liable, the court must assess damages. The medical records, bills and reports of Dr. Katz speak to the extent of injury to Ms. Mojica's knee, the surgical procedure she has endured and the bills she has accumulated (nearly $12,000.00). Her testimony is relied upon as to the pa in she has suffered. The issue of the lost wages is more cumbersome. Regardless of whether Ms. Mojica reapplied at Labels, Inc. or not, her testimony and work history do not demonstrate great economic drive. She is clearly capable of gaining employment commensurate with her manual skills, CT Page 7824 intellect and current knee disability and should be encouraged to do so.
Accordingly, pursuant to Conn. Gen. Stats. 52-572h(f), the court finds economic damages in the amount of $11,916.87 and noneconomic damages in the amount of $25,000.00.
KATZ, JUDGE.