John T. MORRIS, Appellee,

v.

Edwin A. GETSCHER; Edwin Clarke Getscher, Appellants.

John S. Redd, d/b/a Getscher, Redd & Getscher

John T. MORRIS, Appellee,

v.

Edwin A. GETSCHER; Edwin Clarke Getscher, John S. Redd, d/b/a Getscher, Redd & Getscher, Appellant.

Nos. 82–1115, 82–1116.

United States Court of Appeals, Eighth Circuit.

Submitted November 8, 1982.

Decided June 2, 1983.

Scott H. Hughes, Kenneth Sacks, Perkins, Sacks, Hannan & Hughes, Council Bluffs, Iowa, A.J. Falcone, Kansas City, Mo., for appellee.

Edwin Clarke Getscher, Getscher & Getscher, Hamburg, Iowa, for appellants.

Before LAY, Chief Judge, and ROSS and FAGG, Circuit Judges.

ROSS, Circuit Judge.

Appellants, Edwin A. Getscher, Edwin Clarke Getscher, and John S. Redd, were sued in federal district court for legal malpractice by appellee, John T. Morris, in connection with their representation of Morris in prior litigation concerning three insurance policy claims. Jurisdiction was based on 28 U.S.C. § 1332 (1976) (diversity of citizenship). On August 7, 1981, after a three day trial, a jury returned a verdict against appellants, and on August 14, 1981, the court [1] entered judgment against appellants in the amount of $51,110.88. Appellants' motions for a judgment notwithstanding the verdict or a new trial were denied by the district court on December 17, 1981.

I. *Background*

This case arose out of a fire at appellee John Morris' restaurant and his subsequent attempts to collect on three insurance policies covering the premises. Morris was the builder, owner and operator of the Grub Steak Lounge, a restaurant in Hamburg,

---

1. The Honorable Donald E. O'Brien, United States District Judge for the District of Iowa.

Iowa. After construction on the restaurant had been completed, Morris purchased three insurance policies—a $50,000 policy on the building from AID Insurance Company, a $10,000 policy on contents from United Fire and Casualty Company, and a $12,000 contents policy from Tri-State Insurance Company. On June 16, 1975, only fifty days after opening, the restaurant was destroyed by a fire which occurred at night when the restaurant was closed and locked. Subsequently, Morris filed claims on all three insurance policies which were denied by the insurance companies pursuant to provisions in the policies which excluded coverage in cases in which the claimant burned, or caused to be burned, the building and contents.

Morris then employed appellant Edwin A. Getscher of the law firm of Getscher, Redd and Getscher to represent him in his claims against the insurance companies. Appellant Edwin A. Getscher filed and prosecuted a suit on behalf of Morris against the AID Insurance Company on the policy covering the building in the District Court of Fremont County, Iowa. The insurance company raised the affirmative defense under a policy exclusion clause that Morris had burned or procured the burning of the building. After Morris rejected a settlement offer of $35,000 from the company, the case went to trial before a jury. Although appellant Edwin A. Getscher actually tried the case on behalf of Morris, Carl Gum, an independent counsel retained by Morris, was present throughout the proceedings in an advisory capacity. At the conclusion of the trial in the Iowa District Court the jury returned a verdict in favor of the defendant insurance company.

Morris then discharged Mr. Getscher and hired another attorney, Peter J. Peters, to handle an appeal to the Iowa Court of Appeals.[2] On August 31, 1978, the Iowa Court of Appeals affirmed the jury verdict. *Morris v. AID Insurance Services, Allied Mutual Insurance Co.,* No. 545/2–60783 (Iowa Ct.App. Aug. 31, 1978) (unpublished opinion). The court rejected Morris' contentions that the trial court erred in allowing a witness, Merrill Lewis, to testify for impeachment purposes that Morris had offered him $500 to burn the building. Moreover, the court held that the trial court did not err in failing to direct a verdict in favor of Morris since there was sufficient evidence connecting Morris to the fire to submit the issue to the jury.

In the present malpractice suit filed in federal court Morris generally contended, and the jury apparently found, that appellant Edwin A. Getscher[3] was negligent in pretrial investigation and preparation, failing to call or depose certain witnesses, preparation of witnesses, cross-examination of witnesses, and his failure to file suit on the contents policies within the limitations period contained in the policies, and that this negligence proximately caused Morris' loss relating to the three insurance policies. Appellants essentially maintain on appeal that the trial court erred in failing to grant their motions for a directed verdict, judgment notwithstanding the verdict, or a new trial on the grounds that the evidence was insufficient to prove: (1) that appellants were a partnership; (2) the value of plaintiff-appellee Morris' personal and real property; (3) that Edwin A. Getscher was negligent in his handling of the insurance litigation; and (4) that Edwin A. Getscher's negligence was the proximate cause of Morris' loss.

After a thorough review of the record in the instant case under the strict standard of

---

**2.** In addition, Peters filed a petition in the District Court of Fremont County, Iowa, on behalf of Morris against the two contents insurers. Although the suits were filed within the general two year statute of limitations applying to such actions, they were dismissed upon the motions of the companies on the grounds that the suits were not filed within the contractual limitation

period of one year from the date of loss contained in the insurance policies.

**3.** Liability of appellants John Redd and Edwin C. Getscher was not premised on any individual acts of negligence, but upon their partnership liability for negligent acts of Edwin A. Getscher. *See* Iowa Code Ann. § 544.13 (West Supp.1981).

review governing such motions,[4] we cannot conclude that the district court erred in failing to grant appellants' motions for a directed verdict or judgment notwithstanding the verdict based on the sufficiency of the evidence. Nevertheless, we hold that there was plain error in the court's instruction to the jury concerning causation and damages. Consequently, we vacate the judgment of the district court and remand for a new trial.

## II. *Analysis*

### A. Standards

■ It is well established that the substance of jury instructions in diversity actions is determined in accordance with state law, and the "procedure in granting or denying instructions is controlled by federal law." *McGowne v. Challenge-Cook Bros.,* 672 F.2d 652, 662 (8th Cir.1982). Under federal law, "[e]rror in the instructions not properly objected to is waived unless the error is plain error in the sense that a miscarriage of justice would otherwise occur." *Rowe International, Inc. v. J–B Enterprises, Inc.,* 647 F.2d 830, 835 (8th Cir. 1981); *Mid-America Food Service v. ARA Services, Inc.,* 578 F.2d 691, 696 (8th Cir. 1978). Thus, plain error will be found in only those exceptional cases where the error has "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Rowe International, Inc. v. J–B Enterprises, Inc., supra,* 647 F.2d at 835. *See Putman v. Gerloff,* 639 F.2d 415, 419 n. 2 (8th Cir.1981).

### B. Damage Instructions

■ Under Iowa law plaintiff-appellee Morris had the burden of proving the value of damage to his property with some reasonable measure of certainty. " 'The damages must be susceptible of ascertainment in some manner other than by mere specu-

lation, conjecture, or surmise and by reference to some fairly definite standard, such as market value, established experience, or direct inference from known circumstances.' " *B–W Acceptance Corp. v. Saluri,* 258 Iowa 489, 139 N.W.2d 399, 404 (Iowa 1966) (citation omitted). Moreover there is explicit guidance under Iowa law concerning the proper measure of damages in a suit against an insurance company to recover for property lost. Iowa Uniform Jury Instructions (Civil) No. 19.2 (1982) provides:

> The measure of recovery under the policy of insurance would be the difference between the actual cash value of the plaintiff's interest in the property involved immediately before and immediately after the loss occurred, not exceeding _____ Dollars, the amount of the policy, and not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair.

*See also Britven v. Occidental Insurance Co.,* 234 Iowa 682, 13 N.W.2d 791, 792–94 (Iowa 1944); Iowa Code § 515.138 (1983). Uniform Instruction No. 19.1 delineates the rules for determining the actual cash value of various types of property immediately prior to the loss. *See also Stortenbecker v. Iowa Power & Light Co.,* 250 Iowa 1073, 96 N.W.2d 468, 472 (Iowa 1959); *Britven v. Occidental Insurance Co., supra,* 13 N.W.2d at 793–94.

While we recognize that a federal court is not required to follow the exact wording of a particular state's suggested instructions, the court is under an obligation to follow the substance of state law in presenting the jury with some guidance in its determination of damages. In the instant case, the

---

4. Generally, a motion for a directed verdict or a judgment notwithstanding the verdict will be denied if, viewing the evidence in the light most favorable to the nonmoving party and giving that party the benefit of inferences that may be reasonably drawn from the evidence, without weighing the evidence or considering the credi-

bility of witnesses, reasonable jurors could differ on the conclusions to be drawn from the evidence. *McGowne v. Challenge-Cook Bros., Inc.,* 672 F.2d 652, 655 (8th Cir.1982); *McKnelly v. Sperry Corp.,* 642 F.2d 1101, 1105 (8th Cir.1981).

trial court's damage instructions [5] provided the jury with virtually no guidance as to the rules it was to apply in determining the amount of plaintiff's loss, and essentially allowed the jury to arrive at a verdict through speculation or conjecture.[6] Consequently, we must conclude that the court's failure to adequately instruct the jury as to the measures it was to apply in arriving at the damages in this case seriously affected the fairness of the proceedings to the defendant-appellants in this case, and was a miscarriage of justice constituting plain error.[7]

### C. Causation Instructions

■ Whether or not plain error occurred in the instructions relating to causation is a more difficult question. Under Iowa law pertaining to legal malpractice actions the plaintiff has the burden of proving not only that the lawyer acted negligently in handling the client's affairs,[8] *Kurtenbach v. TeKippe,* 260 N.W.2d 53, 56 (Iowa 1977); *Baker v. Beal,* 225 N.W.2d 106, 112 (Iowa 1975), but that the lawyer's negligence proximately caused the client's loss, i.e., "absent the lawyer's negligence, the underlying suit would have been successful." *Id.* at 109; *Smith v. Korf, Diehl, Clayton & Cleverley,* 302 N.W.2d 137, 139 (Iowa 1981).[9]

■ Thus, in the instant case plaintiff-appellee Morris had the extremely difficult burden of essentially proving two cases in one proceeding. He had to present evidence to the jury in the malpractice case which proved by a preponderance of the evidence that had appellant-defendant Edwin A. Getscher not been negligent in particular aspects of the original insurance cases, the original jury would have found in his favor. *See generally* Annot., 45 A.L. R.2d 5, 10 (1956). It must be emphasized that the jury in the instant malpractice case was not free to redecide the arson issue raised in the insurance suit, but was limited to deciding whether the evidence of negligence and the probable results of that negligence *presented at the malpractice trial* showed by a preponderance that the original jury in the AID suit would not have found that Morris burned or procured the burning of his restaurant.

Our review of the record in the present case leads us to believe that inadequacies in the jury instructions on causation seriously prejudiced appellant's case. The trial court instructed the jury that Morris had the burden of proving by a preponderance of evidence that he would have been successful in the original suit were it not for Getscher's negligence, and that the jury must de-

---

**5.** *See* Instructions 24–27.

**6.** The inadequacy of the jury instructions, as well as the jury's general confusion as to the damages determination in this case, may be indicated by the jury's original damages award (which was reduced by the district court). In his pleadings plaintiff sought a total of $75,000 damages on the three policies. The jury returned an award of $52,000, or 70% of the amount prayed for. Interestingly, testimony at the trial indicated that the original settlement offer made by AID Insurance (and turned down by Morris) was $35,000, which was 70% of the $50,000 face value of the policy. AID's attorney at that state trial generally testified that the offer was based on the insurance company's belief prior to trial that it had a 30% chance of winning. It would appear that the jury may have simply applied this percentage to the claim for damages in this case, i.e., the jury awarded Morris what it believed the insurance companies would have settled for, not his actual proven damages.

**7.** We are convinced this result is clearly justified by the record in this case which reveals that the evidence concerning the amount of loss substantially consisted of the undocumented estimates of costs by Morris himself.

**8.** In reference to the negligence standard the Iowa Supreme Court has stated that a lawyer is obligated "to use the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession in similar circumstances." *Kurtenbach v. TeKippe,* 260 N.W.2d 53, 56 (Iowa 1977) (citations omitted).

**9.** The requirement that a plaintiff prove "that he would have been successful in the underlying suit and that his claim was lost through the attorney's negligence" applies in cases involving negligence in allowing the statute of limitations on a cause of action to run, *Beeck v. Kapalis,* 302 N.W.2d 90, 93–94 (Iowa 1981), and in cases in which an attorney was purportedly negligent in his handling of a trial. *See Baker v. Beal,* 225 N.W.2d 106 (Iowa 1975).

cide, based upon the evidence presented in the present case, whether Morris would have been successful in the action against AID Insurance had the defendants exercised reasonable care and diligence in prosecuting the lawsuit.[10] The court also instructed the jury: "If you find by a preponderance of the evidence that the fire was of incendiary character and that it was caused or procured by [Morris] regardless of any negligence on the part of defendants here, your verdict must be for the defendants."[11]

These instructions may have incorrectly given the jury the impression that it was free to redecide the arson issue without limiting its consideration to only the evidence presented by Morris at the malpractice trial which, due to appellant Getscher's negligence, was not presented in the insurance trial. In other words, the court's instructions failed to adequately inform the jury that in considering whether or not the fire was caused or procured by Morris, it was bound by the jury's findings on this issue in the trial on the insurance policy and it could not consider new or different evidence unless that evidence was found to have been causally related to Getscher's negligence at the insurance trial. Because of the centrality of the requirement that a plaintiff prove proximate cause in a malpractice case and the concommitant importance of the jury's understanding of this requirement, and in light of the evidence on the record in the present case concerning the issues of negligence and proximate cause,[12] we conclude that submitting the case under these instructions constituted plain error seriously affecting the fairness of the malpractice proceeding. *See Putman v. Gerloff, supra,* 639 F.2d at 419 n. 2.

### III. Conclusion

Because we believe that errors in the trial court's instructions to the jury on damages and causation constituted a miscarriage of justice under the facts and circumstances of the present case, we vacate the judgment of the court in favor of appellee John Morris, and remand for a new trial.[13]

**10.** Instruction No. 16.

**11.** Instruction No. 22.

**12.** We note that while plaintiff-appellee's evidence on those issues was adequate to survive defendant-appellant's motions for a directed verdict or judgment notwithstanding the verdict, it was by no means substantial enough to render any error in the trial court's instructions harmless. *See* Fed.R.Civ.P. 61. *See generally Flanigan v. Burlington Northern, Inc.,* 632 F.2d 880, 889 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981) (rule applies to errors in jury instructions). For example, in the original AID suit the jury was presented with substantial evidence to support AID's affirmative defense that Morris burned or procured the burning of his restaurant. There was evidence that the building was overinsured and there was no breaking and entering to gain access to the building. Only Morris and the cook had keys, and there was no evidence implicating the cook in any way. Morris admitted to being at the restaurant on the day of the fire, locking the doors after he left, and living on the premises in a nearby motel room. There was uncontroverted testimony by Fire Marshall Evilsizer that the fire was incendiary in nature, and two witnesses testified as to conversations they had with Morris prior to the fire concerning burning the restaurant. *See Morris v. AID Insurance Services, Allied Mutual Insurance Co.,* No. 545/2–60783, slip op. at 3–4, (Iowa Ct.App. Aug. 31, 1978) (unpublished opinion). In the malpractice suit appellee Morris presented very little evidence which would have significantly contradicted this evidence.

**13.** It should be noted that the parties agreed at trial, and the district court instructed the jury, that recovery for negligence in failing to file lawsuits within the limitations periods on the contents insurance policies was dependent on the jury's conclusions with regard to the appellants' handling of the AID lawsuit. *See* Instruction No. 16A.