**Kevin DAVIS, Plaintiff, Appellee,**

v.

**BROWNING–FERRIS INDUSTRIES, INC., Defendant, Appellant.**

**No. 89–1943.**

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1990.

Decided March 27, 1990.

Matthias J. Reynolds with whom James M. Costello and Devine, Millimet, Stahl & Branch, Manchester, N.H., were on brief for defendant, appellant.

Stephen E. Borofsky with whom John M. Lewis, Jennifer Rood and The Legal Clinics, Professional Ass'n, Manchester, N.H., were on brief for plaintiff, appellee.

Before BREYER, ALDRICH and SELYA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

Plaintiff Kevin Davis, a laborer, was injured when a platform on which he was standing came out from under him, leaving him with a permanent disc problem. The basis of defendant's liability does not appear, but it was conceded after a summary trial. Thereafter damages were tried to a jury. The jury answered special questions, reaching a total figure of $238,000, $136,000 being for lost earnings over a 26 year work expectancy. While, in every area— e.g., swimming fee expense the rest of his life, although plaintiff had already stopped swimming for over a year—plaintiff presented his damages in day-glo paint, we would not overrule the court's finding that they were not unacceptably excessive. We do, however, have one difficulty. Plaintiff

---

pinned his lost earnings figure on the difference between the hourly rate of a full-time job he was holding down and the rate for a new job he did not receive because of his injury, multiplied, without discounting, for 26 years. No economic experts had been called by either party. Plaintiff argued to the jury in favor of straight multiplication. Defendant argued there must be discounting, saying, not only forcefully, but in violation of a basic rule of attorney's conduct, "I'm going to tell you that I think this is outrageous for many reasons." [1] The court refused defendant's request to charge as to discounting, and refused post verdict relief, either to perform a discounting itself, or to grant a new trial. Defendant appeals. We affirm.

■ In the matter of discounting future earnings, we remarked in *Brochu v. Ortho Pharmaceutical Corp.*, 642 F.2d 652, at 664 n. 17 (1st Cir.1981), that this was a difficult subject, adding, "New Hampshire has apparently not examined the issue of discounting in recent years." This is still the case. The court got off, long ago, to a somewhat confusing start. In *Humphreys v. Ash*, 90 N.H. 223, 6 A.2d 436 (1939), the court charged the jury it "should award only the present worth of any element of damages." The supreme court reversed, saying, at page 230, "It is not to be assumed that average jurors have mathematical knowledge sufficient for an understanding of the words, or enough skill to calculate present worth." Seven months later, in *Roussin v. Blood*, 90 N.H. 391, 10 A.2d 224 (1939), the court said, at 393–94,

They were told to discount, but not at what rate, nor was specific evidence given to them regarding the standard rate. However the jury may have been supposed to have some knowledge of current interest rates. Most men know something about savings accounts and about the rates at which towns are able to borrow money. With such common knowledge the jury could have calculated the discount with approximate accuracy,

and the verdict that they gave is conformable to the rule laid down in *Humphreys v. Ash.*

We get little more help out of the more recent cases. At the same time, there is none that holds it is not error to refuse altogether to charge that recovery is to be limited to the present worth of future damages. Our question is whether refusal was prejudicial error in this particular case.

As a matter of arithmetic, plaintiff's straight calculations for 26 years, undiscounted, produced the figure of $174,803. The jury returned $136,000. Accordingly, while there could be other explanations, seemingly it did discount. Although on straight interest tables, even this figure was large, there could be other discounting methods. *See Roussin; Ortho.* Any concern we might have to pursue this subject further, or to find the court's failure to charge on the matter prejudicial, is offset by our noting that the jury had the benefit of defendant's improper summation. We leave it at that.

■ We will deal, however, with plaintiff's disclosing the ad damnum to the jury. Following the New Hampshire state practice, the court charged the jury,

[W]e apply New Hampshire law in this case; an attorney can state the amount of the ad damnum, but I must caution you in this regard. This is not evidence in this case. But you can consider it.

Defendant did not except, and we do not consider it plain error, but we do state that this charge was error. Since, by the very hypothesis, this is a matter of procedure, the federal law applies, even though a diversity case. *Morris v. Getscher*, 708 F.2d 1306, 1309 (8th Cir.1983); *Smith v. Mill Creek Court, Inc.*, 457 F.2d 589 (10th Cir. 1972); *cf. Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The ad damnum is, blatantly, an opinion of counsel. *Cf. Waldorf v. Shuta*, 896 F.2d 723 (3d Cir.1990) (plaintiff's counsel may not, in closing argument, request a dollar figure for pain and suffering). Indeed, it is even

---

1. *Cf. Willey v. Ketterer*, 869 F.2d 648, 650 (1st Cir.1989), a New Hampshire case, citing long-existing, and uniform, bar associations' rules of ethics, that counsel must not express personal opinions.

less; it is a mere psychological expression of hope. In addition to the opinion rule, it could well be said to violate Fed.R.Civ.P. 11, as not being "well grounded in fact." It was error for the court to inform the jury, "[Y]ou can consider it." On what basis was it to consider it? It would still be wrong to have the ad damnum disclosed to the jury and tell it it could *not* consider it; plaintiff hoping, meanwhile, that it, nevertheless, would do so, which it well might. The jury should not know the ad damnum. As we said in *Ouelette v. Champagne*, 296 F.2d 636, 638 (1st Cir.1961), "[There is a] general impression among laymen that the amount of the ad damnum measures the importance of the case." *Cf. Aggarwal v. Ponce School of Medicine*, 745 F.2d 723, 727 (1st Cir.1984). At that time we failed to note that we were not bound by the state rules of pleading. We now exclude it.

*Affirmed.*